## HARMON *v.* RAILROAD.

### (*Jackson.* May 7, 1889.)

\*1. RAILROAD. *Nuisance.. Successive actions.*

If a railway company, lawfully located upon a street in a city, under its charter, and by permission of the local government, uses the street in the operation of its road beyond what is necessary for the proper running of its trains, and by such excessive and improper use substantially destroys the easement of way, and of ingress and egress appurtenant to an abutting lot, the owner of such lot can maintain successive actions for such nuisance, recovering the damages that have accrued up to the time each action was brought, and a recovery in one action will not bar a subsequent one brought for a continuance of such wrongs.

Cited and approved: Uline *v.* N. Y. C. & H. R. R. Co., 101 N. Y., 98; Bingham *v.* I. M. R. R. Co., 87 Tenn., p. 522; Smith *v.* Street Railway Co., 87 Tenn., p. 626.

2. SAME. *Measure of damages.*

The measure of damages in such cases is the impairment of the value of the use of such property by such nuisance during its continuance. The difference in the market value of the property cannot be considered.

Cited and approved: G. R. & I. R. R. Co. *v.* Heisel, 38 Mich., 62; 31 Am. Rep., 313.

3. RES ADJUDICATA.

If suit be brought for such nuisance, and the entire destruction of the easement be alleged, and a charge is submitted to, fixing the permanent impairment of the value of the property as the measure of damages, and there is a recovery and payment, plaintiff cannot bring a subsequent suit for the continuance of such nuisance.

### FROM SHELBY.

Appeal from the Circuit Court of Shelby County. L. H. ESTES, J.

\* Syllabus prepared by Judge delivering opinion.—REPORTER.

GANTT & PATTERSON and A. H. DOUGLASS for Harmon.

HOLMES CUMMINS for Railroad.

J. M. DICKINSON, Sp. J. Plaintiff owned a parcel of ground in the Taxing District of Shelby County by deed, which described it as being "one hundred and fifty feet on the north side of Jackson by one hundred and seventy feet on the west side of Eighth Street." The Tennessee Southern Railroad Company, to whose rights and liabilities defendant, the L., N., O. & T. R. R. Co. succeeded, by permission of the Taxing District, and in accordance with a contract made with it May 22, 1883, graded under the supervision of the Engineer of the District, and upon the grades fixed by him, Eighth Street, in front of plaintiff's property, and laid down upon it three lines of railway track. Defendant, at the time the suit was brought, and prior thereto, ran its cars and engines over said tracks in the prosecution of its business as a common carrier with great frequency, both by day and by night. On November 8, 1883, plaintiff brought suit in the Circuit Court of Shelby County against the said Tennessee Southern Railroad Company for injuries alleged to have been done said realty by the said grading of Eighth Street, and the building and operation of said railroad. The declaration alleged ownership in plaintiff of the ultimate fee in the street, and also an easement of

way appurtenant to the abutting lot; that defendant had practically closed the street with its tracks, excavations, and fills, so as to utterly destroy its use and value as a highway, and had converted it to its exclusive use for its cars and engines; that the tracks in front of plaintiff's premises were used for leaving cars at night, and placing and switching engines; that plaintiff's business, carried on upon said lots, had been greatly injured, and that the property was damaged in the sum of five thousand dollars.

Defendant, by plea, denied that the street was practically closed, that it was destroyed as a highway, and that plaintiff's ingress, egress, and right of way appurtenant to said property were impaired.

Plaintiff, at the trial, offered proof tending to show that defendant had placed three tracks on Eighth Street; that prior to that time this street had been the principal way of approaching his lot; that the grade had been raised by defendant putting a high bank of earth along one hundred feet of his lot, resulting in backing the water on said lot and making it marshy; that the tracks occupied nearly the whole of the street, so that plaintiff could not pass to and from said lot with vehicles because of the cross-ties and rails, and that he was excluded therefrom by the constant and uninterrupted occupation of said street by engines and cars passing and standing there; that defendant, throughout 1884, habitually left its en-

gines and cars standing on said street in front of plaintiff's lot, and made it dangerous and impossible for vehicles, animals, or persons to go upon said street; that said realty, prior to the occupation of said street by the defendant, as aforesaid, was worth five thousand dollars, and that because of said appropriation and occupation it had deteriorated in value to the extent of from two thousand five hundred to four thousand dollars; that engines have been allowed nightly, and all night, to stand in front of said premises and escape steam;. that plaintiff could make no use of said street as a highway for vehicles, or for horses; that since the tracks of defendant were placed upon the street it was not used for the ordinary purposes of a street, nor could it be so used with safety or convenience by the public.

Defendant introduced proof tending to show that the property was not lessened in value " on account of its occupation of said Eighth Street with its tracks or its engines and cars." It introduced no evidence to controvert the character of the occupation and use as alleged and proven by plaintiff. None of the evidence was excepted to.

The Court charged that defendant had the privilege to use Eighth Street to the extent of laying down and operating three tracks in the prosecution of its business, and that plaintiff could recover nothing for this, nor for the injuries incident to the grading done pursuant to the contract with the Taxing District.

It was further charged that defendant was not entitled to the exclusive use of the street, that its use must be reasonable, such as would not materially interfere with the use of the street by plaintiff for ordinary purposes; that defendant had no right to leave its engines or trains standing on said street so as to interfere with or obstruct travel on or over said street, except as the same is incidental to the proper running of trains; that if defendant had exceeded the proper uses as limited, plaintiff could recover all damages sustained by such excessive use, to be arrived at by considering depreciation in value of plaintiff's property, the impairment in the value of its use, the injury to the property by the passing of trains, and annoyance from noise, sparks, smoke, and the danger from fire caused by the use made of the street by defendant.

Defendant excepted to the charge, but made no request of the Court. A verdict was rendered for five hundred dollars. Both sides appealed, but neither perfected the appeal, and the judgment was paid.

Plaintiff brought the present suit March 10, 1886, making substantially the same allegations in regard to the laying of tracks, and grading, and injury to property and business therefrom as were set out in the former suit.

He alleges that the cars are run on said street at excessive and dangerous speed; that they are frequently left standing thereon; that his rightful

use of said street is impaired; that since the former suit defendant has repeated the wrongs therein complained of, and has committed other wrongs, such as not filling between its tracks, so as to make its road even with the grade of the street, keeping its track elevated one foot above the surface of the street, allowing open spaces between its cross-ties, thus impairing the proper use of the street as a highway to the injury of plaintiff's easement.

It is alleged that defendant has made, by day and by night, running, flying, kick, and drop switches, all of which are highly dangerous to and destructive of plaintiff's easement; that defendant stores its cars on said tracks, and uses them as a switch yard, blockading the street and cutting off access to plaintiff's premises; that engines are stopped there for hours to be cleaned, making loud noises, all to the impairment of plaintiff's rights in said street.

Defendant relies upon the plea of *res adjudicata* in bar, and sets out all of the pleadings and proceedings under the former suit. The Judge ruled out all testimony offered by plaintiff to sustain his declaration, and instructed the jury that the former judgment concluded plaintiff, and there was a verdict for defendant.

Plaintiff unquestionably is concluded by the former suit as to all damages arising from the taking of the street for ordinary railroad purposes and the grading incident thereto. Such occupation

by defendant under its charter and the contract with the Taxing District was lawful, and the use and the consequent injuries were permanent in character. Plaintiff had a right to recover compensation for the new burden imposed on the fee of the street if he owned it. *G. R. & I. R. R. Co.* v. *Heisel*, 38 Mich., 62 (A. R., 31, p. 306).

The Court charged that plaintiff could not recover therefor, and the plaintiff submitted to the charge without prosecuting an appeal, and cannot now litigate that question again. But another class of injuries—those alleged to be nuisances growing out of the improper operation of the road and use of said street, and transitory in their character—were complained of in the former suit. The declaration in this suit alleges a continuance of these wrongs, and embraces others of the same character not specifically set out in the former declaration.

There is a broad distinction between those injuries occasioned by causes permanent in their character, and which are likely to continue, with no right in plaintiff to abate them, and those which arise from nuisances which may be discontinued.

In respect to the former, the entire damages, past and prospective, can be estimated, and the cause of action cannot be split up, while as to the latter it is not to be presumed that the wrongs will be continued; and it would be unjust to defendant to allow plaintiff to recover damages estimated upon such an assumption. On the other

hand, it would be equally wrong, to permit defendant to insist upon such a rule of compensation, and thus become vested with a perpetual license to commit a nuisance to the injury of plaintiff and over his protest.

An illustration of the first class is where a railroad, lawfully located, impairs private rights in a street. The injury is permanent, and does not proceed from an abatable nuisance, and the damages must be recovered in one action. If the road be constructed without warrant of law it is an abatable nuisance, and successive actions may be brought for its continuance, and the damages following therefrom.

The most thorough review of the authorities on this question ever made is by Earle, J., in *Uline* v. *N. Y. C. & H. R. R. Co.*, 101 N. Y., 98. The rule is thus stated:

"He claims that the interference by the defendant with the street was unlawful and a nuisance, and that therefore the plaintiff was entitled to recover damages caused thereby; and if he is right in his contention that this embankment placed in the street by the defendant was unlawful, and therefore a nuisance, then the plaintiff was entitled to recover damages. The question, however, still remains, What damages? All his damages upon the assumption that the nuisance was to be permanent, or only such damages as he sustained up to the commencement of the action? There never has been in this State before this case the

least doubt expressed in any judicial decision, so far as I can discover, that the plaintiff in such a case is entitled to recover only up to the commencement of the action. That such is the rule is as well settled here as any rule of law can be by repeated and uniform decisions of all the Courts; and it is the prevailing doctrine elsewhere."

In conclusion he says:

"I think it is quite absurd and illogical to assume that a wrong of any kind will forever be continued, and that the wrongdoer will not discontinue or remedy it, and that the convenient and just rule sanctioned by all the authorities in this State, and by the great weight of authority elsewhere, is to permit recoveries in such cases by successive action until the wrong or nuisance shall be terminated or abated."

This is undoubtedly the correct rule, and there is no difficulty in its application if the distinction is observed between those injuries coming from permanent and lawful use of a street by license of government and those which flow from an improper use in excess of such license.

If a railroad be constructed on a street in pursuance of its charter and permission of local authorities empowered to license such use, and grades the street under the direction of such local government, it is not a nuisance, and cannot be abated as such. Notwithstanding such grant of occupation it is liable to the abutting owners for the new burden imposed upon the fee of the street if

they own it, or for any substantial destruction of the easement in the highway appurtenant to their property resulting from an abuse of railroad privileges. This was decided at this term in the case of *Bingham* v. *I. M. R. R. Co.*, 3 Pickle, 522, and *Smith* v. *Street Railway*, 3 Pickle, 626.

Such taking is lawful and permanent, and cannot be discontinued at the instance of those injured. They can only insist upon compensation for the injury to their property. The damages for such injuries can and must be estimated in one action, and a recovery in one suit, whether based upon the correct or an erroneous rule of estimating the damages, will bar any subsequent suit.

All uses of such street in excess of what is necessary for the ordinary and proper operation of the road, such as running trains faster than permitted by law, making dangerous switches, parking cars, using it as a switch yard, keeping engines and and trains standing unnecessarily long (if such uses substantially destroy the easement in the highway and the right of ingress and egress), are unlawful, and may be abated. Such uses are not of a permanent character, but are recurrent, and every act is a new wrong, and successive actions may be brought, each recovery embracing only the damages sustained up to the commencement of the action. It vests the defendant with no right to continue the wrongs, and affords no protection against a subsequent suit.

In such case the measure of damages would be

confined to the temporary injury inflicted by such
nuisance in diminishing the value of the use of the
property, and it would be error to admit evidence
going to show a diminution in the selling value
of the property, for this would involve the con-
sideration of permanent injury. *G. R. & I. R. R.
Co.* v. *Heisel*, 38 Mich., 62 (31 A. R., 313).

The majority of the Court holds that the plaint-
iff in this case is concluded by his former, recovery,
notwithstanding the rule adopted, because he al-
leged in his declaration and proved an entire ap-
propriation of the street by defendant by its man-
ner of use to the destruction of it as a highway;
and for the further reason that he proved his dam-
ages and recovered upon the basis of permanent
injuries measured by the difference in the market
selling value of his property.

Inasmuch as he treated the injuries as perma-
nent, and recovered and received compensation there-
for, obtaining a charge on the theory of perma-
nent injury without appeal therefrom, the Court
holds that he cannot now sue for injuries which
were, by his election, paid for in advance.

In this proposition I do not concur. It makes
the former suit equivalent to a deed from plaintiff
to defendant to all his rights in the street which
he had as abutting owner. It estops him from
complaining of any uses to which defendant may put
the street, though such uses may be, as is alleged
in the present declaration, different from those
complained of in the former suit. Plaintiff had a

right to allege and prove that defendant's abuses had, in effect, entirely destroyed the street as a highway, in order to show the extent to which his rights had been invaded, and he did not thereby imply that they would be continued, or that he intended to surrender his rights in the street. Does the fact that his damages were alleged and proven on a wrong basis conclude him? If so, then it would have been equally potent, though the declaration had, in express terms, alleged that the nuisance was not of a permanent character, and should be abated. If the defendant submitted to a rule of damages that was erroneous, and paid on the basis of diminution in the market value of the land, when for nuisances not permanent in character he should have paid on a different basis, he should not acquire thereby a permanent right to commit such nuisances. It was his duty to ask the Court for a correct charge, or appeal, and not to pay for temporary wrongs under a rule applicable alone to those which are permanent.

Judge Caldwell concurs in this dissent.

Judgment affirmed.