Doss *v.* Billington.

DOSS *v.* BILLINGTON.

(*Nashville.* February 6, 1897.)

DAMAGES. *Measure of, for digging ditch on another's land.*

The measure of damages for wrongfully cutting ditches on another's land, is not the difference in the value of the land before and after the digging of the ditches, as in case of a permanent injury, but the cost of restoring the premises to their original condition.

Cases cited and approved: Nashville *v.* Comar, 88 Tenn., 415; Harmon *v.* Railroad, 87 Tenn., 622.

---

FROM WILLIAMSON.

---

Appeal in error from Circuit Court of Williamson County. W. L. GRIGSBY, J.

THOMAS & WALL for Doss.

HENDERSON & EGGLESTON and EDWARD CURD, JR., for Billington.

McALISTER, J. R. M. Doss and wife recovered a judgment in the Circuit Court of Williamson County against the defendant, J. M. Billington, for the sum of one hundred and fifty dollars, as damages for wrongfully cutting ditches on plaintiff's land. Billington appealed and has assigned errors. The record

discloses that in 1895 defendant rented from Doss and wife two hundred acres of land adjoining the southern portion of defendant's farm. The land so rented was intersected by a branch which separated into two channels before reaching defendant's lands. These channels were about fifty yards apart. During the year defendant dug a ditch near the southern boundary of plaintiff's land, from the western to the eastern channel of the branch, with a view of draining all the water into the eastern prong, which was the main channel. The water continuing to run down both channels, defendant dug another ditch, a few feet south of the line between the two places, and succeeded in diverting the water into the main channel just before it flowed on defendant's place. The contention of plaintiff is that these ditches were dug without his authority, and have resulted in injury to the farm. While on the other hand defendant claimed that R. M. Doss gave him permission to dig both ditches, and that in pursuance of an agreement with Doss defendant filled up the southern ditch. It is further insisted by defendant that the northern ditch is an advantage to the farm in furnishing stock water at a most accessible point. As already stated, the jury returned a verdict in favor of plaintiff, and so far as the facts are controverted they have been settled in favor of plaintiff.

The assignments of error are based upon the charge of the Court, and are two in number. First, it is assigned as error that the Court instructed the

Doss *v.* Billington.

jury that, "if they found for the plaintiff, the measure of damages would be the difference in value of the property before digging the ditches and afterwards—that is, the difference in value brought about by the digging of the ditches." In that connection he also said to the jury: "You could also look to and consider the inconvenience that plaintiffs must be put to in cultivating the land with the ditches running through it (if any). Any advantage that plaintiff would receive by having an additional flow of stock water, by reason of these ditches, cannot be considered in reduction or mitigation of damages."

Upon this charge, it is assigned as error that the Judge charged that the measure of damages would be the difference in the value of the property before the digging of the ditches and afterwards. It is insisted the measure of damages would be the cost of filling up the ditches. We are of opinion the charge was erroneous. In Sutherland on Damages, Vol. III., Sec. 1017, it is said that when the injury is permanent, any depreciation in the value of the property will be an element of damages, according to extent and duration of plaintiff's estate. An estimate of damages on this basis presupposes that the premises are subject to the same lasting detriment, and that it is not to be avoided or removed by any expenditure, for, otherwise, the injury would be measured upon different elements." To the same effect are our own cases.

In *Nashville* v. *Comar*, 88 Tenn., 415, it was said, viz.: "For negligent injury to realty, resulting from a cause susceptible of remedy or removal, the owner is entitled to recover of the wrongdoer only such damages as had actually accrued on account of the impaired use of the property at the commencement of the action, etc. But for injury resulting from a permanent and irremediable cause, the owner may recover in a single action his entire damages—that is to say, the amount which represents the permanent depreciation of the realty. It was further held in that case that "where the cause of injury is abatable, either by the expenditure of labor or money, it will not be held permanent and irremediable," etc.

In that case the action was to recover damages resulting from an alleged negligent construction of a sewer, whereby both storm and sewage water were discharged from the sewer upon the premises owned by the plaintiff. The Circuit Judge in that case charged the jury "that if they found from the evidence that the market value of plaintiff's property had been permanently impaired by the construction of the sewer, its proximity and liability to back up surface water and discharge offensive sewage matter upon his premises, plaintiff would be entitled to recover difference in market value of property before and since the building of the sewer." This instruction was held erroneous, upon the ground that the cause of the injury—the defective sewer—

was remediable and abatable by the expenditure of labor and money, and hence there was no cause for the assessment of damages upon the basis of a permanent depreciation in the market value of the realty. Again, in the case of *Harmon* v. *Railroad*, 87 Tenn., 622, it was said, viz.: "There is a broad distinction between those injuries occasioned by causes permanent in their character, and which are likely to continue with no right in plaintiff to abate them, and those which arise from nuisances which may be discontinued. . . . In such case the measure of damages would be confined to the temporary injury inflicted by such nuisance in diminishing the value of the use of the property, and it would be error to admit evidence going to show a diminution in the selling value of the property, for that would involve the consideration of permanent injury. In the case at bar the injury to the property was only temporary, for, by an expenditure of money and labor, the ditches could have been filled, and the original condition of the property restored. The Court was therefore in error in charging that the measure of damages would be the depreciation in the value of the property. The cost of filling up the ditches was the true measure of damages—that is to say, the cost of restoring the premises to their original condition.

The second assignment of error is that the Court instructed the jury that any advantage that plaintiff would receive by having an additional flow of stock water, by reason of those ditches, cannot be consid-

Doss *v.* Billington.

ered in mitigation or reduction of damages. It is unnecessary to pass upon this assignment, since the question it presents cannot arise in the application of the rule for the admeasurement of damages laid down by this Court. By that rule this question is entirely eliminated from the case.

Reverse and remand.