JAMES HENDRIX, Appellant, v. CITY OF
MARYVILLE et al., Appellees.—431 S. W. (2d) 292.

Eastern Section. March 29, 1968.

Certiorari Denied by Supreme Court August 19, 1968.

458

Rom Meares, Jr., Maryville, for appellant.

Roy D. Crawford, Goddard & Gamble, Maryville, for appellees.

## PER CURIAM.

The first thing to be considered in this case is appellees' motion to dismiss the appeal on the grounds appellant's motion for new trial was not timely filed.

The record reveals that on February 28, 1967, the final judgment was entered and included the following language: "To all of which action by the Court the Plaintiff excepts and is allowed forty-five (45) days to file his motion for a new trial." Plaintiff's written motion was not filed until April 12, 1967, forty-three days after entry of the judgment. The defendants asked the trial judge to strike the motion for new trial for the reason that it was not timely filed. This motion was overruled.

T.C.A. sec. 27-201, governing the time for filing motions for new trial reads as follows:

"A rehearing or motion for new trial can only be applied for within thirty (30) days from the decree, verdict or judgment sought to be affected, subject, however, to the rules of court prescribing the length of time in which the application is to be made, but such rules in no case shall allow less than ten (10) days for such application. The expiration of a term of court during said period shall not shorten the time allowed."

In the instant case the record does not show that there is a local court rule shortening the time as provided

by the statute. Thus it must be assumed the thirty day period of the statute is applicable.

In Owens v. State, 217 Tenn. 544, 399 S.W.2d 507, 509, the judgment of the trial court contained the following language: "Thereupon the defendant by his attorney gave notice of motion for a new trial." The written motion was not filed until fifty-one days after the entry of this judgment. There was a motion filed to dismiss the appeal because the motion for new trial was not timely filed within the time allowed by the statute. The Supreme Court, in overruling this motion, stated:

"* * * the defendant has ordinarily thirty (30) days from the entry of a verdict or judgment to file a motion for a new trial, subject to time modifications by the rules of the trial court. T.C.A. sec. 27-201. If the judgment is entered some time subsequent to the entry of the verdict (i. e., not on the same day, but on a subsequent day), the defendant has thirty (30) days after the entry of the judgment to move for a new trial. Neely v. State, 210 Tenn. 52, 356 S.W.2d 401 (1962). Also, unless the rules of the trial court state otherwise, the motion for a new trial, to be seasonably made, does not have to be in writing and does not have to state the reasons or grounds for the motion. Shettles v. State, 209 Tenn. 157, 352 S.W.2d 1 (1961). The Shettles case also holds that this Court cannot consider trial court rules unless they are proved on the trial below and are incorporated in the bill of exceptions.

"In Shettles, the oral language used in the 'motion' for a new trial was (as evidenced by the minutes of the court):

" 'Thereupon the defendant, through her counsel of record, moves the Court for a new trial herein, which motion is set for hearing on August 2, 1960.'

"In the case at bar, the oral language, as evidenced by the minutes of the court on the day the verdict and judgment were entered, is: 'Thereupon the defendant by his attorney gave notice of motion for a new trial.' In the case at bar, the written motion and the grounds therefor was filed, argued, and overruled fifty-one (51) days after the entry of verdict and judgment."

Under the holding of the Owens case, we think it can be reasonably inferred that a motion for new trial was seasonably made.

Considering now the case on its merits, the parties will be referred to as they appeared in the trial court; that is, James Hendrix as plaintiff and City of Maryville, City of Alcoa and Blount County as defendants.

The plaintiff brought suit on March 8, 1966, alleging that the defendants were operating a garbage dump or sanitary fill adjacent to his leasehold estate in a manner which constituted a nuisance. The plaintiff further alleged that he had suffered both personal injuries and property damage as a result of this operation.

All of the defendants, pleading specially, deny the operation constituted a nuisance, averred that the operation was a governmental function and contended that the plaintiff had suffered no damages. The defendants, City of Alcoa and Blount County, further pleaded that in the operation of the sanitary fill, the City of Maryville was an independent contractor for whose acts they were not liable.

At the conclusion of the plaintiff's proof all the defendants made motions for directed verdicts. From the trial judge's order sustaining these motions and overruling plaintiff's motion for new trial on substantive grounds, plaintiff has appealed.

Plaintiff's proof shows he leased a tract of property in April 1961 upon which he built a residence and a golf course which was completed in late 1963. In May 1964, on property adjacent and within 75 to 100 feet of plaintiff's residence, the defendants established a garbage dump or sanitary fill.

There can be little question about this disposal site interfering with plaintiff's enjoyment and use of his leasehold. The undisputed evidence shows there was emitted from the site smoke, obnoxious odors and other fumes to such an extent that it was necessary for plaintiff to keep the windows of his home closed. Plaintiff, his wife and other witnesses who live near the golf course and plaintiff's residence, testified that on occasions dogs would drag bones and other matter from the dump and leave them strewn on plaintiff's property. One witness who played golf on the course testified that the acrid odor was so unpleasant that it affected his golf game. In the record is a picture which shows one of the golf greens strewn with paper which apparently came from the disposal site.

█ The circuit judge, in his comments when he sustained the motions for directed verdict which will hereinafter be discussed, made the following finding: "In this case the court thinks there can be no question that the City of Maryville did, in fact, create and operate a nui-

sance, under the facts shown in the proof.'' We agree with this statement.

■ In sustaining the motion for directed verdict as to Blount County, the trial judge gave as one of his reasons that the County, as an arm of the state government, was not subject to a suit for damages for maintaining a nuisance when it was acting within its governmental capacity. Under the authority of Buckholtz v. Hamilton County, 180 Tenn. 263, 174 S.W.2d 455, we think the circuit judge's ruling was proper and his action in sustaining the motion for directed verdict as to Blount County is affirmed. See also Odil v. Maury County, 175 Tenn. 550, 136 S.W.2d 500; Jones v. Knox County, 205 Tenn. 561, 327 S.W.2d 473.

In sustaining the City of Alcoa's motion for directed verdict, the trial judge reasoned that by the terms of a contract entered into by the defendants it was shown that the City of Maryville was an independent contractor in conclusive control of the operation of the disposal site. Thus the City of Alcoa could not be liable for damages resulting from the negligent operation of the disposal site.

In the record is a contract between the City of Maryville, City of Alcoa and Blount County for the operation of this garbage disposal system. The contract states ''the parties hereto recognize that there is a great need on the part of their citizens for a program and/or system for the handling and disposal of garbage and similar wastes.'' The contract further provides that ''* * * [City of Alcoa] and [Blount County] are desirous and willing to *operate* a garbage disposal system in conjunction with the * * * [City of Maryville] in accordance with the terms

and conditions hereinafter set forth.'' It is also agreed the ''disposal site will be available'' to all parties.

As to the management and operation, it provides as follows:

''It is agreed that the party of the first part [City of Maryville] will be in charge of the operation of the garbage disposal site and be primarily responsible for its efficient operation and supervision.

*     *     *     *     *     *

''It is agreed that the party of the first part will maintain personnel on the garbage disposal site premises six (6) days per week (Monday through Saturday), the working hours to be determined by the party of the first part.

''The party of the first part agrees to operate said garbage disposal site in a sanitary and on a systematic basis, covering the deposited garbage at least once a day, exclusive of Sundays and holidays * * *.''

It is well established that one asserting the existence of an independent contractor in an effort to avoid liability must carry the burden of proof. Tennessee Valley Appliance v. Rowden, 24 Tenn.App. 487, 146 S.W.2d 845.

In determining whether one is an independent contractor, the language of the contract is always considered but does not necessarily in all instances control. One must look to the contract, particularly its objectives, and the surrounding facts and circumstances as well as the subsequent conduct and relations of the parties to determine the true relationship. See McHarge v. M. M. Newcomer & Co., 117 Tenn. 595, 100 S.W. 700, 9 L.R.A.,N.S., 298;

Powell v. Virginia Construction Co., 88 Tenn. 692, 13 S.W. 691.

When the contract is in writing and its terms are indefinite and ambiguous, or if the evidence shows that more than one inference can be drawn from the relationship, or if there is evidence of circumstances and relations outside of the written agreement, the written contract alone cannot be determinative but a question of fact arises which must be determined by the jury. See Mayberry v. Bon Air Chemical Co., 160 Tenn. 459, 26 S.W.2d 148; National Cash Register Co. v. Leach, 3 Tenn. App. 411; Gulf Refining Co. v. Huffman & Weakley, 155 Tenn. 580, 297 S.W. 199.

Also, if there is competent and material evidence supporting both the relationship of agency and that of independent contractor, such conflict of facts makes an issue for the jury. See F. Perlman & Co. v. Gillian, 49 Tenn.App. 486, 355 S.W.2d 638.

In the instant case when one considers this contract in the light of the proof, as we are required to do, it appears that reasonable minds could reach a different conclusion as to the status of the City of Alcoa. We say this because there is evidence here which tends to show the operation of this disposal site was a joint venture. The undisputed proof shows that all three of the defendants, including the City of Alcoa, operated trucks which dumped garbage at the disposal site. Furthermore, the contract makes it clear that this disposal site will be operated for the mutual benefit of all citizens residing in Blount County which includes the residents of the Cities of Alcoa and Maryville.

If the above conclusion is not a valid one, there is still another reason why it should not be said as a matter of law the City of Alcoa cannot be liable.

In 27 Am.Jur., Sec. 41, Independent Contractors, is found the following:

"Where a nuisance will result from the performance of certain work in the ordinary manner, the employer cannot escape liability by employing an independent contractor to do the work. In other words, the imputation of liability to the employer on the ground of nuisance may be predicable on the consideration that the conditions causing the injury complained of are a necessary consequence of the contractor's having used, in the manner contemplated by the contract, some appliance furnished for the purposes of the stipulated work."

This rule of law is well supported by many authorities. In 21 A.L.R. 1229 there is found a lengthy annotation and collection of cases on the subject. The annotation states this doctrine of nonliability of an employer for negligent acts of an independent contractor developed in England and all American courts have adopted the doctrine. The rationale or underlying reason for such a rule appears to be that if the work to be done by a contractor cannot be done without danger or injury to other parties and the very nature or existence of such work is one which will cause or produce danger or injury, the owner, master or contractor is liable as if he performed the work himself.

In 33 A.L.R.2d 41 there is found an additional reason which pertains to so-called nuisance cases such as this; i. e., it would be manifestly against public policy to absolve from liability one who directs the commission of

a nuisance. In this annotation there is cited numerous cases from various jurisdictions dealing with excavations where the owner has been held liable for acts of the independent contractor even though the work performed was done in accordance with the contract but created a nuisance.

There seems to be little question that the above doctrine and rules apply to municipal corporations. "The general rule of nonliability of a municipality for acts of independent contractor has no application where the work contracted to be performed will, in its progress, however carefully or skillfully executed, be necessarily or intrinsically dangerous, or *create a nuisance* * * *." 63 C.J.S. Municipal Corporations sec. 766 (b).

Within the same section is also found:

"Ordinarily a municipal corporation will be held liable for injuries resulting from the tortious conduct of an independent contractor in the performance of the municipality's nondelegable duties."

In view of the foregoing we think it was a question for the jury to determine the status of the City of Alcoa as well as whether liability could be imposed under the above mentioned doctrine.

We come now to the final matter; that is, the trial judge's sustaining the City of Maryville's motion for directed verdict on the basis the plaintiff had failed to prove damages.

In the case of City of Murfreesboro v. Haynes, 18 Tenn.App. 653, 82 S.W.2d 236, in which the facts are very similar to the present case, the plaintiff sued the city to

recover damages from the alleged effects of the mainte-nance of a disposal plant as a nuisance. This court, speaking through Judge DeWitt, said:

"Inasmuch as Mrs. Haynes was residing on the land and in the main residence, she was using and enjoying the property. *This appears without dispute, so that she would be entitled to sue for damages for injuries to the value of her own use and enjoyment.*"

See also City of Columbia v. Lentz, 39 Tenn.App. 350, 282 S.W.2d 787.

■ The accepted method of proving damages result-ing from a nuisance to a leasehold estate is to show by competent testimony the value of the leasehold prior to the existence of the nuisance and then show the value of the leasehold after it has become burdened with the nui-sance.

■ Applying the above rules, we think the plain-tiff introduced sufficient evidence to present a question for the jury on the damages to his leasehold. It must be remembered plaintiff's home was an inseparable part of the leasehold. The undisputed proof shows that at times, because of the odor and fumes emitted by the disposal site, it was necessary for plaintiff to keep his windows closed. This fact, standing alone, under the above itali-cized portion of City of Murfreesboro v. Haynes was sufficient to take the case to the jury. The smoke and odors emitted by the disposal site are certainly an in-vasion upon plaintiff's enjoyment and use of his lease-hold. It is proper for the jury to take into consideration in the assessment of damages in an action such as this, the discomforts, annoyances and such things as experi-

enced by the plaintiff. Louisville & N. Terminal Co. v. Jacobs, 109 Tenn. 727, 72 S.W. 954, 61 L.R.A. 188.

We think the trial judge erred in sustaining the motions for directed verdict of the Cities of Maryville and Alcoa. Hence the cause is remanded for a new trial as to the Cities of Maryville and Alcoa on all issues. The judgment as to Blount County is affirmed with the costs incident to this appeal taxed to the Cities of Maryville and Alcoa.

McAmis, P. J., and Cooper and Parrott, JJ., concur.