CITIZENS REAL ESTATE & LOAN CO., INC., et al.,
Plaintiffs-Appellees,

v.

MOUNTAIN STATES DEVELOPMENT CORPORATION, et al.,
Defendants-Appellants.

Court of Appeals of Tennessee,
Eastern Section.

June 30, 1981.

Affirmed by Supreme Court June 4, 1982.

Wayne R. Kramer and Donelson M. Leake, Knoxville, H. Allen Bray, Maryville, for defendants-appellants.

Gary R. Wade of Ogle, Wade & Wynn, Sevierville, for plaintiffs-appellees.

## OPINION

FRANKS, Judge.

Mountain States Development Corporation has appealed the trial court's award of damages against it and the determination of plaintiff's boundary line.

These issues are raised on appeal:

1. In an action to establish a boundary line, is the fee simple title holder of a parcel of real property, whose title will be directly affected by such a determination, a party which the Court *shall* join under Rule 19.01 of the Tennessee Rules of Civil procedure before proceeding to a hearing on the merits? [Emphasis in brief.]

2. Upon finding that a person not joined as a party-defendant is an absolute and necessary party to the action, is it error to proceed with that litigation without joining such person or persons?

3. Have the plaintiffs carried the burden of proof wherein their own experts acknowledge that the plaintiffs' chain of title contains deeds with open calls and vague descriptions and wherein the expert testimony relies on isolated monuments in an area containing hundreds of such monuments?

4. Where the Court has found that the defendant encroached upon plaintiffs' real property and enjoins defendant from further such encroachment, was it proper for the Court to consider damages for land taken and damages to the remaining property?

5. Where the Court has found that the defendant encroached upon plaintiffs' real property, was it proper to measure the damages without taking into consideration the improvements placed on the plaintiffs' property, i.e. houses?

6. Where the evidence as to damage to real property consists of cost of repair, did the Court err in accepting the testimony of a witness who was, by his own statements, admittedly untrained and not knowledgeable in the type of repair to which he testified?

In this court, by motion, appellant was permitted to amend its brief by adding an additional issue that the trial court judge should have recused himself on the basis the judge:

> [H]ad in the case of *Mountain States Development Corporation v. Lillie K. Conner, Billy G. (Cotton) Adams, Ruth Conner Douglas, Ernestine Conner Isenburg, Bessie Conner Robinson, and G. H. Conner,* in the Chancery Court for Sevier County, Tennessee previously represented

G. H. Conner in an action against Mountain States Development Corporation and involving the same piece of property at issue in the instant case. G. H. Conner who was a witness at the trial of the case presently on appeal, is also a principal in Citizens Real Estate and Loan Company, Inc., Plaintiff-Appellee.

In the early 1970's, plaintiff purchased lands adjoining defendant's development known as "Shagbark".[1] In the complaint, plaintiff alleged:

> That the defendant, Mountain States Development Corporation, has, since the plaintiff purchased the within described property, encroached upon the lands of your plaintiff by constructing roads, platting and selling lots purporting to be the owner thereof.

and asked the court to establish the boundary line between the plaintiff and this defendant, award damages for the trespass and grant a permanent injunction enjoining defendant from coming upon plaintiff's property.

The defendant denied the allegations in the complaint and objected to proceeding to trial without the joinder of third parties to whom the defendant had sold lots in the disputed area. The trial judge refused to require the plaintiff to add these grantees and proceeded to determine the boundary line and awarded damages against defendant after a reference on the issue of damages to a special master.

We vacate the judgment and remand for a new trial on all issues since the joinder of all parties claiming title to properties in the disputed area was required for a just adjudication. T.R.C.P., Rule 19.01 provides:

> *Persons to be Joined if Feasible.*
>
> A person who is subject to the jurisdiction of the court shall be joined as a party if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he properly should join as a plaintiff but refuses to do so, he may be made a defendant, or in a proper case, an involuntary plaintiff. This rule shall be construed to allow joint tort-feasors and obligors on obligations that are joint and several to be sued either jointly or severally.

Plaintiff argues the court properly refused to require the additional parties because of the size of the area in dispute and the "uncertainty of any means to identify additional parties" and further, the court announced before trial that "the court won't fix anybody else's rights, such as Mr. Adams, or any other property owner in there . . . .", and also argues that the state of the title changed from day to day since the defendant continued to market lots during the course of litigation. The record before us does not support plaintiff's arguments. There is no indication that the identity and owners of the lots could not be ascertained with reasonable certainty; apparently available discovery procedures were not utilized or attempted prior to trial. While the trial judge correctly stated his decision would not be binding on the other landowners, a court could not ignore the force of a decision adjudicating the boundary line based on plaintiff's deeds and the deeds in the third parties' chain of title in a subsequent trial deciding property rights relating to the titled owners of the lots, whether a boundary determination or ejectment proceeding.

The fact that the boundary line adjudication is not complete is established by the record, which shows in certain areas the boundary line decreed by the trial court is

---

1. The defendant surveyed and platted lots, constructed roads in the "Shagbark" development and has sold numerous lots for dwellings.

not the boundary line between the plaintiff and defendant but a decreed line between the plaintiff's property and lots previously conveyed by defendant to third parties and, in some instances, dissecting the conveyed lots. Moreover, the absence of these third parties renders the court unable to accord complete relief between the plaintiff and defendant on the issue of damages. An element of damages would be the removal of any clouds on plaintiff's title and the boundary line as decreed by the chancellor places a third party's dwelling, a grantee of defendant, on plaintiff's tract. The decree of the court below that appellant's encroachment terminate must implicitly mean that the third parties too are precluded from coming on the property and any improvement on the land must be taken into consideration in adjudicating the rights of the parties and any damages. *See Jones v. Morrison*, 62 Tenn.App. 50, 458 S.W.2d 434 (1970).

▆▆▆ T.R.C.P., Rule 19, is designed to protect the interests of absent persons as well as those already before the court from multiple litigation and inconsistent judicial determinations. 7 Wright and Miller, *Federal Practice and Procedure*, § 1602, p. 20. We conclude the trial judge erroneously refused to require the joinder of third party landowners in the dispute. The remedy for non-joinder is not to dismiss the action but to direct the plaintiff to join the lot owners. *Macklin v. Butler*, 553 F.2d 525 (7th Cir. 1977); *Cone Mills Corp. v. Hurdle*, 369 F.Supp. 426 (N.D.Miss.1974). We accordingly vacate the judgment and remand to the trial court for a new trial directing the plaintiff to join lot owners as defendants.

It is necessary to comment upon the issue of damages since an improper measure of damages was applied by the trial court. Damages awarded in this case were based upon the "taking" of the acreage in question. The award is inconsistent with the order of the trial court that appellant must no longer encroach upon appellee's property. Plaintiff alleged a trespass and a trespass which is terminated by a court order is treated as a temporary injury. The case of *Doss v. Billington*, 98 Tenn. 375, 39 S.W. 717 (1897), involving a defendant who entered another's land and dug ditches, sets out the correct rule:

In Sutherland on Damages, vol. III., Sec. 1017, it is said that "when the injury is *permanent*, any depreciation in the value of the property will be an element of damages, according to extent and duration of plaintiff's estate. *An estimate of damages on this basis presupposes that the premises are subject to the same lasting detriment, and that it is not to be avoided or removed by any expenditure, for, otherwise, the injury would be measured upon different elements.*" [Emphasis added.] 98 Tenn. at 377, 39 S.W. 717.

Citing the case of *Nashville v. Comar*, 88 Tenn. 415, 12 S.W. 1027 (1890), and quoting from the case of *Harmon v. Railroad*, 87 Tenn. 614, 620, 11 S.W. 703 (1889), the *Doss* opinion continued:

"There is a broad distinction between those injuries occasioned by causes permanent in their character, and which are likely to continue with no right in plaintiff to abate them, and those which arise from nuisances which may be discontinued." ... *In such* [the latter] *case the measure of damages would be confined to the temporary injury inflicted by such nuisance in diminishing the value of the use of the property, and it would be error to admit evidence going to show a diminution in the selling value of the property, for that would involve the consideration of permanent injury.* In the case at bar the injury to the property was only temporary, for, by an expenditure of money and labor, the ditches could have been filled, and the original condition of the property restored. The Court was therefore *in error* in charging that the measure of damages would be the depreciation in the value of the property. [Emphasis added.] 98 Tenn. at 379, 39 S.W. 717.

Before an injury to property is considered permanent, it must be practically irremediable. *Coleman v. Bennett*, 111 Tenn. 705, 69 S.W. 734 (1902).

The case of *Terminal Co. v. Lellyett*, 114 Tenn. 368, 85 S.W. 881 (1904), asserts the measure of damages for a temporary injury to property is "the injury to the value of the use and enjoyment [of the property], which may be measured, to a large extent, by the rental value of the property, and to what extent that rental value is diminished." 114 Tenn. at 404, 85 S.W. 881. This measure of damages has been cited many times by Tennessee cases and is well-settled law. *See Signal Mountain Portland Cement Company v. Brown*, 141 F.2d 471 (6th Cir. 1944); *Stanford v. Tennessee Valley Authority*, 18 F.R.D. 152 (M.D.Tenn.1955); *Hendrix v. City of Maryville*, 58 Tenn.App. 457, 431 S.W.2d 292 (1968); *Caldwell v. Knox Concrete Products*, 54 Tenn.App. 393, 391 S.W.2d 5 (1964); *City of Columbia v. Lentz*, 39 Tenn.App. 350, 282 S.W.2d 787 (1955); *Talley v. Baker*, 3 Tenn.App. 321 (1926). Thus, the measure of damage for temporary injury to one's use and enjoyment of real estate is the diminution in the property's rental value during the period of injury and the reasonable cost of restoration of any physical injury to the land. *Compare* the old Tennessee case of *Vincent v. Hall*, 1 Shannon's Tenn.Cas. 597 (1876), which held where property wrongfully held is recovered by the true owner he is entitled to an account for rents and profits during the period of wrongful withholding.

Appellant in its brief argues it is entitled to a set-off for any improvements made on plaintiff's land. Any such improvements should properly be taken into account at the trial. *See Vincent v. Hall, supra; Ross v. Scott and Russell*, 83 Tenn. (15 Lea) 479 (1885), wherein a trespasser held to owe a property owner for coal wrongfully mined and timber wrongfully cut from the latter's property was allowed a set-off for the enhancement of the property due to cabins built thereon. Of course, any enhancement of plaintiff's property would inure to the benefit of those responsible for the improvements being placed on the property.

Our determination requiring a new trial renders any consideration of the issue of the trial judge's recusal moot, since the record before us establishes the trial judge has now recused himself from any further consideration of any issues in this case.

We remand the case for further proceedings in accordance with this opinion and assess the costs of appeal against Citizens Real Estate & Loan Company, Incorporated.

PARROTT, P. J., concurs.

C. S. CARNEY, Jr., Special Judge, not participating.