IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 6, 2005  Session

## BARBARA C. WATTS, ET AL. v. RANDALL LOVETT, ET AL.

Appeal from the Circuit Court for Scott County
No. 6085    Conrad Troutman, Judge

No. E2004-0783-COA-R3-CV - FILED MAY 10, 2005

In this appeal, the defendants argue that the trial court erred in the amount of money it awarded the plaintiffs for damages incurred by the plaintiffs when a truck owned by the defendants and operated by the defendants' employee struck the plaintiffs' garage.  The sole issue at trial was the proper amount of damages the plaintiffs should receive for injuries to their property.  The plaintiffs introduced evidence showing that the market value of their property as a whole - their residence, garage and acreage - depreciated as a result of the  fact that the color of brick necessary to restore the garage to its original condition is no longer available.  Considering this evidence, the trial court awarded the plaintiffs a judgment in the amount of $8,000.00.  The defendants contend that the trial court erred in its award and that the proper measure of damages should have been solely the cost of repairing the garage, which the defendants' expert estimated to be approximately $2,000.00.  We affirm the judgment of the trial court and remand.

## Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Cause Remanded

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J. and D. MICHAEL SWINEY, J., joined.

Max E. Huff, Oneida, Tennessee, for the Appellants, Ferrellgas, LP, and Ferrellgas, Inc.

C. Patrick Sexton, Oneida, Tennessee, for the Appellees, Barbara C. Watts and Adalean Cross

### OPINION

The plaintiff, Barbara C. Watts, is the owner of certain real property located in Scott County, Tennessee, subject to the life estate of her mother and co-plaintiff, Adaleen Cross.  The property consists of 1.35 acres of land improved with a house in which Ms. Watts resides and an unattached garage.  The defendants, Ferrellgas, L.P. and Ferrellgas, Inc., are in the business of selling and delivering propane gas.  During the course of making a delivery of propane gas to Ms. Watts'

residence, Randall Lovett, an employee of the defendants, inadvertently backed the defendants' delivery truck into the front wall of Ms. Watts' garage, thereby causing general damage to that structure. On November 1, 2002, Ms. Watts and Ms. Cross filed a complaint in the Scott County Circuit Court alleging that the defendants are negligent and requesting a judgment in the amount of $15,000.00 for damages incurred.

The case was tried without a jury. After hearing the testimony of witnesses and argument of counsel, the trial court dismissed the plaintiffs complaint as to Randall Lovett and rendered judgment against the defendant in the amount of $8,000.00. The defendants now appeal that judgment.

It appears from the record that the defendants concede that their negligence resulted in injury to the plaintiffs' garage and the sole issue addressed by the trial court and this Court is the appropriate amount of damages to be awarded the plaintiffs.

In a non-jury case such as this one, we review the record *de novo* with a presumption of correctness as to the trial court's determination of facts and we must honor those findings unless there is evidence which preponderates to the contrary. Tenn. R. App. P. 13(d); *Union Carbide v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). When a trial court has seen and heard witnesses, especially where issues of credibility and weight of oral testimony are involved, considerable deference must be accorded to the trial court's factual findings. *Seals v. England/Corsair Upholstery Mfg. Co., Inc.,* 984 S.W.2d 912, 915 (Tenn. 1999). The trial court's conclusions of law are accorded no presumption of correctness. *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26, 35 (Tenn. 1996); *Presley v. Bennett*, 860 S.W.2d 857, 859 (Tenn. 1993).

The defendants argue that the trial court erred in its assessment of damages and that the trial court's award of $8,000.00 is excessive. In support of its argument, the defendants note that an expert witness called on its behalf testified that the garage could be repaired at an estimated cost of $2,240.94.

It appears from the record in this case that at some time in the mid-nineteen eighties the exterior of the plaintiffs' house and garage were covered with brick of matching color. The record further shows that, as a consequence of the impact of the defendants' truck, the front wall of the garage was displaced and the brick exterior of the front and side of the garage was cracked and broken. The defendants' own witness, property appraiser Todd Cook, agrees that "there was actual damage to the brick." Plaintiff Adaleen Cross, testified that the brick which would be needed to restore the garage to its condition before the accident is no longer manufactured in the original color. Ms. Cross's son, Gary Cross, also testified that the brick necessary for reparation of the garage is no longer available. Finally, while certified real estate appraiser, Michael Sexton, testified that the garage could be repaired, he further testified that the brick that was incorporated into the construction of the residence and garage is matching "aged brick" and that the repair of the garage would create a "mismatch in brick" which would affect the "curb appeal" of the plaintiffs' whole property resulting in an overall economic depreciation in its value. Mr. Sexton assessed the value of the plaintiffs' property as a whole - the acreage improved with the residence and garage - at $75,700.00

prior to the accident. Mr. Sexton testified that, because of the damage inflicted upon the garage and the loss of curb appeal as a consequence of the unavailability of matching brick, the economic value of the property as a whole was diminished by $12,000.00, resulting in a total post-accident value of $63,700.00.

It appears that the plaintiffs and the defendants are in agreement with respect to the general rule governing the proper measure of damages for injury to real property, as re-stated by this Court in *Fuller v. Orkin Exterminating Company, Inc.,* 545 S.W.2d 103,108 (Tenn. Ct. App. 1975):

> Our appellate courts have uniformly held that the measure of damages for injury to real estate is the difference between the reasonable market value of the premises immediately prior to and immediately after injury but if the reasonable cost of repairing the injury is less than the depreciation in value, the cost of repair is the lawful measure of damages. Of course, the trier of fact can also take into consideration the reasonable cost of restoring the property to its former condition in arriving at the difference in value immediately before and after the injury to the premises. (Citations omitted.)

The defendants argue that damages in the case *sub judice* should have been limited to $2,240.94, which its expert, Todd Cook, testified to be the cost of replacing brick on the front of the garage, jacking and shoring the building to replace a damaged column, and refilling cracked mortar.

However, this argument that damages should be determined by the alleged cost of repair ignores the above noted evidence that the brick which would be needed to replace the cracked and broken brick is no longer available. This evidence is supportive of the trial court's finding that if new brick were to be used in repairing the garage it would not match. Other evidence in the record does not preponderate against this finding.

As noted by our Supreme Court in *Coleman v. Bennett*, 69 S.W. 734 (Tenn. 1902), an injury to realty is considered permanent if it is "practically irremediable" and, as stated by the Court at page 736, the measure of damages for such an injury is "the depreciation in the market value of the property by reason of the defendant's wrong." In the more recent case of *Citizens Real Estate & Loan Co., Inc. v. Mountain States Development Corp.*, 633 S.W.2d 763, 766 (Tenn. Ct. App. 1981), we reiterated this rule, stating, "[W]hen the injury is permanent, any depreciation in the value of the property will be an element of damages, according to extent and duration of plaintiff's estate." Given the impossibility of restoring the garage to its original condition as a result of the unavailability of matching brick, we believe that it was reasonable that the trial court consider the permanent economic impact of the fact that the garage as repaired would no longer match the color of the plaintiffs' house. As we have noted, evidence was presented that, as a result of the variation in color between the house and the garage, the plaintiffs' property as a whole would suffer an estimated depreciation in market value in the amount of twelve thousand dollars. Our review of the record does not reveal evidence which preponderates against the conclusion that this estimate is

accurate. Accepting this as a ceiling for the amount of damages supported by the evidence, we do not find that the trial court's award of damages in the amount of $8,000.00 was excessive or otherwise erroneous.

Next, we note the defendants' observation that the plaintiffs failed to present any proof regarding the cost of repairing their garage. Assuming that this fact is brought to our attention in support of the argument that the plaintiffs were obligated to offer proof as to both the cost of repairs and diminution in market value in order recover damages attributable to either, it is our determination that such argument is without merit. This Court has indicated on prior occasion that in a case involving damage to real property the plaintiff does not have the burden of offering alternative measures of damages and this burden is, rather, upon the defendant if the defendant seeks to argue that the measure of damages advanced by the plaintiff is unreasonable. *Conatser v. Ball*, No. M1999-00583-COA-R3-CV, 2001 WL 873457, at *12, 2001 Tenn. App. LEXIS 569, at *35 (Tenn. Ct. App M.S., filed Aug. 3, 2001).

Finally, we acknowledge the plaintiffs' request that we award damages upon grounds that the defendants' appeal is frivolous. We do not find that such an award is warranted in this case and such request is denied.

For the foregoing reasons, the judgment of the trial court is affirmed and the cause is remanded for collection of costs. Costs of appeal are adjudged against the defendants, Ferrellgas, L.P. and Ferrellgas, Inc., and their surety.

_____
SHARON G. LEE, JUDGE