## H. C. ROCHELLE v. A. O. MULLINS.

Western Section. July 1, 1930.

Rhodes & Rhodes, of Milan, for plaintiff in error.
Maddox & Maddox, of Huntingdon, for defendant in error.

HEISKELL, J. This suit was brought by Rochelle, a landowner, against Mullins, who operated a cotton gin. The plaintiff claimed that Leonard Cloyd, a tenant or share-cropper, owed him a balance of $87.35 for supplies furnished during the year 1928 to enable him to make a crop, and that Mullins purchased the crop from Cloyd. The suit was brought before a Justice of the Peace who rendered a judgment for plaintiff for $62. Defendant appealed to the Circuit Court where the case was tried without a jury and the suit of plaintiff was dismissed for the reason that he had not complied with the Act of 1923, Chapter 71, Section 6, requiring that an itemized statement of the account be made and sworn to before the suit was instituted. Plaintiff appealed and has filed three assignments of error, but it is agreed by counsel for both parties that only one question is presented for determination. Is the landlord in a suit like this against the purchaser of the crop, required, in order to maintain his suit, to prepare and verify an itemized statement of the account with the tenant, before bringing suit? Section 6 of said Act of 1923, Chapter 71 is as follows:

"All of said crop liens may be enforced in any court of competent jurisdiction under present or future laws, by original suit, execution and levy, or by original suit, attachment and garnishment, and all demands may be joined in one or separate suit. Before any proceeding shall be instituted for the enforcement of said lien, the lien holder shall itemize his claim and have an affidavit made thereto either by himself or agent in the manner or way required by law, in which affidavit it shall be stated that the claim is correct, owing, unpaid, and bona fide, and not entitled to any credit or set off."

Section 7 reads:

"Purchasers with or without notice, of crops subject to the liens aforesaid, shall be liable to the lien holder for the value of the crops so purchased, if the crop is delivered to such purchaser before July 1, after the crop year. Provided, the lien holder must bring his suit against the purchaser within one year from date of delivery of the crop to said purchaser."

Counsel for plaintiff concedes that if this were a suit against the tenant to enforce a lien it could not be maintained because Section 6 was not complied with, but counsel insists that this is an action for debt against the purchaser of the crop and not a suit to enforce a lien and that under Section 7 of the act, no such account itemized and sworn to, is required. On the other hand, counsel for defendant insist that the suit is rather in the nature of a suit for a conversion, a suit against defendant for converting property upon which plaintiff had a lien. That unless plaintiff had had a lien as against the tenant, he would have had no cause of action against the purchaser of the crop. That plaintiff sues by virtue of the act of 1923 and

must accept the right granted by that act, coupled with the obligation imposed.

Counsel for defendant insist that the case of Hunter v. Harrison, 154 Tenn., 590, practically decides this question in favor of their contention. Counsel for plaintiff says the trial judge was misled by that case, but that it has no application, for the reason that Hunter v. Harrison was a suit against the tenant and purchaser jointly and the court did not hold that where the landlord sues the purchaser alone, the debt must be itemized and sworn to. In our opinion that case if not conclusive is, at least, instructive. The statement of the question involved is as follows:

"This bill was filed by a landlord against his tenant to recover from him rent evidenced by note and to recover from his co-defendants, Stewart-Gwynne Company, cotton factors and commission merchants, such part of the rent as the landlord might be unable to collect from the tenant. It was charged that certain cotton raised on land of complainant in Shelby county and subject to his landlord's lien, had been delivered by the tenant to the said Stewart-Gwynne Company, under some form of agreement, who sold the cotton and applied the proceeds thereof to the payment of an alleged indebtedness of the tenant to them.

"A demurrer interposed by Stewart-Gwynne Company was sustained by the Chancellor, and the bill dismissed as to said defendant, and the complainant has appealed. The Chancellor was apparently of opinion, and it is here insisted, that chapter 71 of the Acts of 1923, providing for a landlord's lien, did not fix liability against a cotton factor or commission merchant who. received cotton subject to a landlord's lien from a tenant and sold the cotton and appropriated and applied the proceeds to an indebtedness due to him from the tenant; that the act of 1923 formed a general and complete scheme of legislation on the subject, and impliedly repealed chapter 22 of the Acts of 1899, by the terms of which any person who sells the crop of a tenant subject to a landlord's lien and applies the proceeds to the payment of the tenant's indebtedness to himself is declared liable 'as a purchaser' to the landlord.''

The opinion is then taken up with showing that the decree must be reversed, because within the meaning of the Act of 1923, Chapter 71, a factor who sells to another and applies the proceeds to his own debt against the tenant is a purchaser. Then the opinion concludes in this way:

"It is also said that the present suit may not be maintained because of failure to conform to the requirements of section 6 of the Act of 1923, which provides that, before any proceeding shall be instituted for the enforcement of the lien, the lienholder

shall itemize his claim, and have an affidavit made thereto stating that the claim is correct, owing, unpaid, and bona-fide, and not entitled to any credit or set-off. We think it clear that this section has no reference to a claim liquidated and evidenced by a note signed by the tenant; and the bill, which is sworn to, alleges in this case that the amount of the note exhibited with the bill is due and unpaid. This is a substantial compliance with the affidavit requirement in the statute.''

We are not told what became of the case as to the tenant. The demurrer of the factor was sustained and the bill dismissed as to the demurrant. The appeal was from this and it would seem that the tenant was a moot defendant. The opinion proceeds as if the factor were the sole defendant and reading the opinion in this way, the conclusion would seem to mean that in a suit like the present, if the tenant had executed a note and the bill, sworn to, alleges that the note is due and unpaid, that an itemized account sworn to is not required, but that in the absence of such a liquidated claim, an itemized account sworn to would be required. In other words, the court dealing with a case which seems to involve the liability of the purchaser of the crop only, says the note of the tenant and the allegations under oath that it is due and unpaid, ''is a substantial compliance with the affidavit requirement in the statute.'' This is certainly a strong implication that in a suit against a purchaser of the crop based on an open account against the tenant, the terms of the statute must be complied with.

The opinion in Hunter v. Harrison is entitled to weight in another view. It shows that the Act of 1923, Chapter 71 is a summing up of the landlord lien laws of the State which indicate a purpose to favor the creation and enforcement of such liens and should be construed in accordance with that policy, and therefore one who is technically a seller of the crop will be held to be a purchaser. The policy of the law is and has been to favor the landlord in recognizing his lien and providing for its enforcement, but at the same time in regard to advancements for supplies to require the landlord to keep itemized accounts so that the unintelligent tenant could understand and have an opportunity to protect himself. If this is the policy of the law when the landlord is dealing with the tenant who knows something about his account and what supplies he has received, why should it not be the policy where the landlord is dealing with one who knows nothing about the account and may have to pay for the crop a second time? Why should the omission of the itemized account sworn to, be fatal in a suit against the tenant to enforce the lien and yet have no effect when the landlord is pursuing the extraordinary remedy against the purchaser of the crop. It is a reasonable construction of the statute to say that it means that the

landlord cannot accept the extreme benefit of the statute and disregard its salutary restrictions.

The figures used by plaintiff in prosecuting his claim in this case show the wisdom of the requirement as to making out the claim preparatory to suit. The plaintiff sued for $87. The Justice of the Peace rendered judgment in favor of plaintiff for $62 and now the plaintiff himself says the judgment should have been only $46. Itemizing and swearing to an account makes for accuracy and fair dealing and this is important in accounts for supplies furnished.

Counsel for plaintiff says the only purpose of the legislature in requiring the account to be sworn to was, that all liens must be enforced by attachment and no attachment can issue without an affidavit. This is not sound. Section 6 of the Act of 1923, supra, provides that all crop liens may be enforced "by original suit, execution and levy" or by attachment and garnishment. The legislature evidently had some other reason for the requirement and we think we have indicated what it was.

The assignments of error are overruled and the judgment of the lower court is affirmed. Plaintiff and surety will pay the costs of the appeal.

Owen and Senter, JJ., concur.