IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
JANUARY 21, 2003 Session

# DALE AND MARY BRUNO v. HAROLD R. ROUNDS, III AND WIFE, MICHELLE V. ROUNDS

### Direct Appeal from the Chancery Court for Fayette County
No. 12878      Dewey C. Whitenton, Chancellor

---

### No. W2002-00130-COA-R3-CV - Filed June 16, 2003

---

This appeal arises from a dispute regarding a restrictive covenant in a residential community. The trial court held that the building at issue was not a barn or a storage building and thus was not in violation of the restrictive covenant. The parties raise multiple issues on appeal. For the following reasons, we affirm.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Richard L. Winchester, Jr., Memphis, TN, for Appellant

J. Payson Matthews, Somerville, TN, for Appellee

## MEMORANDUM OPINION[1]

### Facts and Procedural History

Dale and Mary Bruno ("the Brunos") and Harold and Michelle Rounds ("the Rounds") own lots in the Cole Farms subdivision in Fayette County, Tennessee. All the lots in this subdivision are subject to certain restrictive covenants, including covenant seven (7), which provides that "[a]ll barns and storage buildings shall be located to the rear of the main residence."

The Rounds constructed a building next to their primary residence, which they refer to as a garage and workshop. This building is divided into two (2) sections. In one section, the Rounds park three antique automobiles. The other section houses woodworking machines and tools that were not installed at the time of the hearing, but are now installed and in use. The Rounds have another building at the rear of their property which they refer to as a storage building. This storage building houses their tractor and various garden implements. Part of the Rounds' main residence is a two-car garage in which they park their primary vehicles.

On June 5, 2001, the Brunos filed suit, alleging that the Rounds were in violation of three of the restrictive covenants applicable to all property owners in the Cole Farms subdivision. First, the Brunos alleged that the Rounds violated covenants eight (8) and nine (9) by allowing dead trees and piles of stone and brick to accumulate in their yard. Before trial, however, these materials had been removed and thus were not an issue at the time of trial. Second, the Brunos alleged that the Rounds were in violation of covenant twelve (12) by failing to complete the construction of the primary residence within 270 days. The Rounds admitted this violation in their answer. The trial court found that the Rounds were in violation of covenant twelve (12) and ordered the Rounds to complete construction of their primary residence and obtain a certificate of occupancy on or before March 1, 2002. At the time of this appeal, this had been accomplished and is not at issue.

Finally, the Brunos alleged that the Rounds were in violation of covenant seven (7) by constructing what they perceived to be "a storage structure of some nature" next to the primary residence. In their answer, the Rounds denied that the building at issue was a "storage structure or barn," but instead was an automobile garage. The Rounds asserted that because the building was a garage, it was not required to be located to the rear of the primary residence and as such did not violate covenant seven (7).

The hearing of the Brunos' Application for Preliminary Injunction was set for September 24, 2001, but was continued until November 9, 2001. By order entered December 21, 2001, the trial court found that the building at issue was "neither a barn nor a storage building and therefore is not

---

[1] Rule 10 (Court of Appeals). Memorandum Opinion. - This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

in violation of the restrictive covenants." In its amended order, filed October 18, 2002, the court made clear that the Rounds were not required to move or remove the building at issue.

The Brunos contend that the building referred to as the garage/workshop is in violation of restrictive covenant number seven (7), which requires that all barns and storage buildings be placed to the rear of the principal dwelling. The Brunos ask this Court to reverse the trial court and order the Rounds to move or remove the building; or in the alternative that this Court remand the case to the trial court. The Rounds maintain that the building is a garage and as such, does not violate the restrictive covenants.

## Issues

The parties raise the following issues for our review:
1. Whether the trial court erred in finding that the restrictive covenant had not been violated in regard to the location of the building at issue.
2. Whether the trial court erred in its interpretation of the restrictive covenant.
3. Whether the trial court erred in failing to enforce the restrictive covenant in a manner consistent with the intention of the parties.
4. Whether the trial court erred in failing to order the Defendants to remove or relocate the building at issue.

## Standard of Review

The standard of review for a non-jury case is *de novo* upon the record. See Wright v. City of Knoxville, 898 S.W.2d 177, 181 (Tenn. 1995). There is a presumption of correctness as to the trial court's factual findings, unless the preponderance of the evidence is otherwise. See TENN. R. APP. P. 13(d). For issues of law, the standard of review is *de novo*, with no presumption of correctness. See Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79, 80 (Tenn. 1996).

## Law and Analysis

The Brunos raise four issues on appeal. We find that these issues are interrelated and as such can be consolidated into one primary issue: whether the trial court erred in construing the covenant at issue. This Court has previously held that:

> Restrictive covenants are valid in Tennessee but, as limitations on the unrestricted enjoyment of land, they are not favored, Waller v. Thomas, 545 S.W.2d 745, 747

(Tenn. App. 1976). Restrictive covenants should be strictly construed, with any ambiguities resolved against the restriction. Id. Restrictive covenants "are to be interpreted as any other writing, *i.e.*, in construing documents words must be given their ordinary and customary meaning and not a strained or unnatural interpretation." Aldridge v. Morgan, 912 S.W.2d 151, 153 (Tenn. App. 1995). Finally, "once the intention of the parties is ascertained, the covenant will be enforced, provided it serves a legitimate purpose ad does not constitute a nuisance per se." Waller, 545 S.W.2d at 747.

Burnett v. Hamby, No. 01A01-9610-CH-00452, 1997 Tenn. App. LEXIS 846, *9-10 (Tenn. Ct. App. Nov. 19, 1997). This Court has also held that restrictive covenants will be enforced "according to the clearly expressed intention of the parties. . . and will not be extended by implication to anything not clearly and expressly prohibited by their plain terms." Beacon Hills Homeowners Assoc. v. Palmer Properties, Inc., 911 S.W.2d 736, 739 (Tenn. Ct. App. 1995) (citing Turnley v. Garfinkel, 362 S.W.2d 921 (1962); see also Albert v. Orwige, 731 S.W.2d 63 (Tenn. Ct. App. 1987) (Crawford, J., dissenting)).

The Brunos argue that covenant seven (7) addresses the location of ancillary buildings. We disagree. The covenant, by its terms, clearly applies only to "barns and storage buildings" and not to all outbuildings. Restrictive covenants should be enforced in accordance with the clearly expressed intentions of the parties, but "should not be extended to cover circumstances not plainly included within their terms." Richards v. Abbottsford Homeowners Assoc., 809 S.W.2d 193, 195 (Tenn. Ct. App. 1990). Had the drafters intended for the covenant to cover all outbuildings or all ancillary buildings, they could have easily inserted this into the covenant. This was not done and as such, this Court will not extend the plain language of the covenant to apply to all ancillary buildings.

As to whether the building at issue can be classified as either a barn or storage building, the trial court specifically found that the building in question was neither a "barn nor a storage building." We agree. Mr. Rounds testified that the building is used as a garage and a workshop. He elaborated that his hobbies are working on antique cars and woodworking. Mr. Rounds further testified that the building has a bathroom, "plumbing, lighting everything to support [his] workshop." Carl DeFoor, a general contractor, testified that the building is "an exterior workshop with garage doors." After a thorough review of the record, we find that the evidence does not preponderate against the findings of the trial court that the building at issue is not a barn or a storage building.

## Conclusion

Accordingly, we affirm the trial court's finding that the building at issue was not a barn or a storage building and thus was not in violation of the restrictive covenant. Costs on appeal taxed to the Appellants, Dale and Mary Bruno, and their surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE