Wendell PATE and Wife, Mary Betty
Pate, Appellants,

v.

CITY OF MARTIN, a Municipal
Corporation, Appellee.

Supreme Court of Tennessee.

April 6, 1981.

William A. Largen, Dresden, C. W. Miles, III, Miles & Miles, Union City, for appellants.

William M. Maloan, Brundige & Maloan, P. C., Martin, for appellee.

## OPINION

COOPER, Justice.

Appellants filed an action in the Chancery Court of Weakley County seeking the abatement of a nuisance and damages to real property resulting from the nuisance. The chancellor found that a sewage lagoon, owned and maintained by the City of Martin, was a permanent nuisance and awarded appellants $10,000.00 in damages. The chancellor also found that "an injunction would be too harsh a remedy and should be denied." The Court of Appeals concurred in the chancellor's finding that the lagoon, as maintained, is a nuisance; however, the court classed the nuisance as temporary rather than permanent, reversed the award of damages which was based on the before and after value of appellants' property, and dismissed appellants' action for failure to prove damages for impairment of the use and enjoyment of property, which is the basis for damages resulting from a temporary nuisance. We granted an appeal to review the action of the Court of Appeals in dismissing appellants' suit.

In 1969, the City of Martin built a lagoon into which raw sewage is piped from the city's sewer system. Theoretically, in a properly constructed and maintained sewage lagoon, sewage sinks to the bottom of a lagoon, where it is decomposed through bacterial action. Little, if any, odor is attendant to this process.

The evidence establishes that objectionable odors did not emit from the lagoon for the first two or three years of its operation, indicating that the lagoon was properly constructed. However, since that time, more often than not the surface of the lagoon has had a thick scum of raw sewage floating on top of the water. The odor from the scum is so strong that it makes habitation of dwellings in the vicinity almost impossible. The evidence further shows that this condition can be remedied by the adding of additional enzymes to the sewage and by scattering or churning the surface scum so that it will settle to the bottom of the lagoon.

After receiving complaints of the unsightly condition of the lagoon and odors emanating therefrom, the City of Martin purchased a motor boat and used it in the lagoon to churn the scum. However, the city ceased this activity after a few months, and at a time the city should have known the odors would be magnified by seasonal heat and lack of wind and rain. There is no indication in the record that the City of Martin ever added more than a minimal amount of enzymes to the sewage.

A nuisance has been defined as anything which annoys or disturbs the free use of one's property, or which renders its ordinary use or physical occupation uncomfortable. *Caldwell v. Knox Concrete Products, Inc.*, 54 Tenn.App. 393, 391 S.W.2d 5 (1964). In *City of Nashville v. Nevin*, 12 Tenn.App. 336, it was said that a nuisance extends to everything that endangers life or health, gives offense to the senses, violates the laws of decency, or obstructs the reasonable and comfortable use of property.

"What is a reasonable use of one's property and whether a particular use is an unreasonable invasion of another's use and enjoyment of his property cannot be determined by exact rules, but must necessarily depend upon the circumstances of each case, such as locality and the character of the surroundings, the nature, utility and social value of the use, the extent and nature of the harm involved, the nature, utility and social value of the use or enjoyment invaded, and the like." *Caldwell v. Knox Con-*

crete Products, Inc., 54 Tenn.App. 393, 391 S.W.2d 5 (1964).

In this case, the description of the odors emanating from the sewage lagoon convinces us, as it did the chancellor and the Court of Appeals, that the lagoon as maintained is a nuisance in fact. We also are of the opinion, as was the Court of Appeals, that the nuisance can be corrected by the expenditure of labor and money on the part of the City of Martin.

A nuisance which can be corrected by the expenditure of labor or money is a temporary nuisance. *Caldwell v. Knox Concrete Products, Inc.*, 54 Tenn.App. 393, 391 S.W.2d 5 (1964). Where the nuisance is temporary, damages to property affected by the nuisance are recurrent and may be recovered from time to time until the nuisance is abated. *Louisville & N. Terminal Company v. Lellyett*, 114 Tenn. 368, 403, 85 S.W. 881, 890, 1 L.R.A., N.S., 49 (1905); *City of Murfreesboro v. Haynes*, 18 Tenn. App. 653, 82 S.W.2d 236 (1935). "The measure of such damages [is] the injury to the value of the use and enjoyment of the property, which may be measured to a large extent by the rental value of the property, and extent that rental value is diminished." *City of Murfreesboro v. Haynes*, 18 Tenn. App. 653, 82 S.W.2d 236 (1935).

Further, being charged with the duty of protecting property rights against damage from a nuisance, a court of equity will on application of the person injured, enjoin the nuisance. GIBSON'S SUITS IN CHANCERY, 5th EDITION, § 866. This is especially true where the nuisance is classed as "temporary." Seldom, if ever, will an award of damages, standing alone, be an adequate remedy where the nuisance gives every promise of continuing and is one that can be corrected by the expenditure of labor or money. However, in this case the chancellor denied plaintiffs' application for injunctive relief, giving as his reason "that an injunction would be too harsh a remedy." This conclusion was predicated on the chancellor's finding that the lagoon, as located and maintained, was a permanent nuisance—that is, one that the City of Mar-

tin could not correct by the expenditure of labor and money and that a consequent result of an injunction would be the denial to the City of Martin of a needed sewage lagoon. As heretofore noted, the nuisance that is the subject of this action, in fact, is one that can be corrected by the expenditure of time and labor. In the past, the City of Martin sporadically acted to reduce odors from the lagoon, but their efforts were half-hearted and short-lived—witness, the abandonment of use of the motorboat during the summer season when it was most needed. In view of past inaction on the part of the City of Martin, we are of the opinion that an injunction should issue from the Chancery Court of Weakley County requiring the City of Martin to take all reasonable steps to terminate odors from the lagoon, including but not limited to the twice daily operation of a motorboat over the surface of the lagoon to churn and break up surface matter and the addition of enzymes in an amount sufficient to effect the speedy reduction of waste material without the presence of offensive odors.

Evidence of damage to appellants' real property from the nuisance was directed to proving the depreciation in its market value. This was in the mistaken belief that the nuisance was, as found by the chancellor, permanent in nature. The measure of damages for a temporary nuisance, is the injury to the value of the use and enjoyment of the property, which is usually shown by evidence of the extent that the rental value of the property is diminished by the nuisance. The chancellor's award of damages, being predicated on the wrong measure, was improper and the Court of Appeals acted correctly in setting aside the award. The Court of Appeals also dismissed appellants' action, which we think was error. Appellants demonstrated that they are entitled to the aid of a court of equity in the abatement of a nuisance. They also showed that the nuisance interfered with the use and enjoyment of their property. They are entitled to damages for the loss of this use and enjoyment. Admittedly they failed to introduce evidence to

show the value of use and enjoyment lost and, without such evidence, it is difficult for this court or any court to put a monetary value on appellants' damages. However, this difficulty should not require the dismissal of appellants' action. As is pointed out in *Federated Mutual v. Anderson*, 49 Tenn.App. 124, 351 S.W.2d 411 (1960),

Where it appears from the record, as it does here, that more satisfactory evidence can be obtained on the issues presented, and if produced, will enable the Court to come to a more equitable conclusion, the cause may be remanded for such additional proof.

The judgment of the Court of Appeals dismissing the action is reversed. The cause is remanded to the Chancery Court of Weakley County for the entry and enforcement of a mandatory injunction directed to the abatement of the nuisance, and for the taking of proof on the issue of damages. Costs of the appeal are adjudged against both parties equally.

HARBISON, C. J., and FONES, BROCK, and DROWOTA, JJ., concur.