# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
September 15, 2009

## H.P. LARGE, ET AL. v. GREENE COUNTY, TENNESSEE

**Appeal from the Circuit Court for Greene County**
**No. 05CV754     Thomas J. Wright, Judge**

_____

**No. E2009-02764-COA-R3-CV - FILED DECEMBER 28, 2009**

_____

CHARLES D. SUSANO, JR., J., dissenting.

I am troubled by the majority's determination that the record before leads inescapably to the legal conclusion of a permanent nuisance/inverse condemnation. I do not believe the defendant has presented facts negating or otherwise rebutting the plaintiffs' theory of temporary nuisance.

The two plaintiffs make the following identical statement in their respective affidavits:

> For several years, since the completion of the aforementioned bridge,
> my property has flooded several occasions per year.

There is evidence in the record that the bridge in question was not constructed according to specifications or in accordance with the permit issued by the Army Corps of Engineers. The defendant – who had the initial burden on its summary judgment motion – has not presented any facts as to the nature and extent of the flooding to the plaintiffs' respective properties; nor has it offered any facts reflecting that the offending bridge cannot, as a practical matter, be remedied to stop the flooding.

A temporary nuisance has been defined as a nuisance that can be corrected by the expenditure of money. *Pate v. City of Martin*, 614 S.W.2d 46, 48 (Tenn. 1981). The defendant has not put before us any evidence showing that the improperly constructed bridge *cannot* be corrected "by the expenditure of money" in such a way as to stop the flooding caused by it. This is its obligation on summary judgment. *Hannan v. Alltel Publishing Co*., 270 S.W.3d 1, 5 (Tenn. 2008). In my opinion, the defendant has not met its burden of negating an element of the plaintiffs' temporary nuisance theory or otherwise demonstrated that they cannot make out their causes of action. I believe the motion should have been denied and this case allowed to proceed.

Accordingly, I respectfully dissent.

_____
CHARLES D. SUSANO, JR., JUDGE