IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 24, 2014 Session

**BETSY STIBLER v. THE COUNTRY CLUB, INC.**

**Appeal from the Chancery Court for Hamblen County**
**No. 2013-CV-435       Douglas T. Jenkins, Chancellor**

**No. E2014-00743-COA-R3-CV-FILED-MARCH 9, 2015**

Betsy Stibler ("Plaintiff") sued The Country Club, Inc. ("Defendant") alleging, among other things, that Defendant had created a nuisance by planting trees on Defendant's real property adjacent to Plaintiff's real property. Defendant filed a motion for summary judgment. After a hearing the Chancery Court for Hamblen County ("the Trial Court") granted Defendant summary judgment after finding and holding that Plaintiff could not prove that the trees planted by Defendant constituted a nuisance. Plaintiff appeals to this Court. We find and hold that there are no genuine disputed issues of material fact and that Defendant is entitled to judgment as a matter of law, and we affirm.

**Tenn. R. App. P 3 Appeal as of Right; Judgment of the Chancery Court Affirmed
Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY, J., and D. KELLY THOMAS, JR., SP.J., joined.

Betsy Stibler, Morristown, Tennessee, pro se appellant.

Lauren Armstrong Carroll, Morristown, Tennessee, for the appellee, The Country Club, Inc.

**OPINION**

**Background**

Plaintiff owns real property located in Hamblen County, Tennessee. Defendant owns real property containing a golf course adjacent to Plaintiff's property. In the fall of 2013 Defendant planted trees in a number of areas on its own property, which included Green Giant trees and Skip Laurel trees planted on the portion of Defendant's property which lies behind Plaintiff's house. The trees were planted on Defendant's property, not on

Plaintiff's property, and no portion of the trees encroach upon Plaintiff's property. The trees have caused no physical damage to Plaintiff's property.

Plaintiff filed the instant suit in October of 2013 alleging that Defendant was in violation of subdivision restrictions and that Defendant had created a nuisance by planting the trees obstructing Plaintiff's view of the golf course. Specifically, Plaintiff alleged, in part, that the trees were planted "for the purpose of annoying Plaintiff and decreasing the property value of Plaintiff," and that "Plaintiff is being deprived of her right/easement appurtenance of 'enjoyment of all persons owning lots in said sub-division' of the park space (ie [sic] golf course) as provided by the [subdivision restrictions]."

In pertinent part, the applicable subdivision restrictions state:

6- No noxious or offensive trade or activity shall be carried on upon any lot nor shall anything be done thereon which may be or may become an annoyance or nuisance to the neighborhood.

* * *

7- Any park spaces as shown upon the plat, will not be built upon but preserved as ornamental park spaces for the enjoyment of all persons owning lots in said sub-division.[1]

Defendant filed a motion for summary judgment. After a hearing, the Trial Court granted Defendant summary judgment after finding and holding that Plaintiff could not prove that the trees at issue constituted a nuisance. Plaintiff appeals to this Court.

### Discussion

Although not stated exactly as such, Plaintiff raises three issues on appeal: 1) whether the Trial Court erred in not finding and holding that Defendant was in violation of the subdivision restrictions; 2) whether the Trial Court erred in finding and holding that Plaintiff could not prove that the trees constitute a nuisance; and, 3) whether the Trial Court

---

[1]The subdivision restrictions contain two paragraphs numbered '7.' These two paragraphs appear in the document one right after the other in a manner that suggests a simple numbering error occurred. The first paragraph '7' addresses structures which may not be utilized as a residence including, among other things, trailers, tents, shacks, barns, etc. This first paragraph '7' has no relevance to the issues before us in this appeal. As such, when we refer to paragraph '7' in this Opinion, we refer to the paragraph '7' as quoted fully in the body of this Opinion.

2

erred in denying Plaintiff's motion to compel deposition. Plaintiff also filed a motion for consideration of post-judgment facts requesting this Court to take notice of the alleged post-judgment facts that shrubs planted by Defendant "along the adjoining property line of Plaintiff" had died and been replaced with Green Giant trees.

We first address Plaintiff's motion for consideration of post-judgment facts. Defendant stated during oral argument before this Court that it did not oppose Plaintiff's motion for consideration of these post-judgment facts. We, therefore, grant Plaintiff's motion for consideration of post-judgment facts. These facts, however, do not change the outcome of this appeal.

With regard to summary judgments, this Court explained in *Estate of Boote v. Roberts*:

> The trial court's resolution of a motion for summary judgment is a conclusion of law, which we review *de novo* on appeal, according no deference to the trial court's decision. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008). Summary judgment is appropriate only when the moving party can demonstrate that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *see Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008); *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993).
>
> This action was filed [after July 1, 2011]. Therefore, the trial court was required to apply the summary-judgment standard set forth in Tennessee Code Annotated § 20-16-101. That statute provides:
>
>> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>>> (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
>>> (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101 (Supp. 2012).

*Estate of Boote v. Roberts*, No. M2012-00865- COA-R3-CV, 2013 Tenn. App. LEXIS 222, at **24-25 (Tenn. Ct. App. March 28, 2013), *no appl. perm. appeal filed* (footnotes omitted).

We first consider whether the Trial Court erred in not finding and holding that Defendant was in violation of the subdivision restrictions. In pertinent part, the subdivision restrictions state:

6- No noxious or offensive trade or activity shall be carried on upon any lot nor shall anything be done thereon which may be or may become an annoyance or nuisance to the neighborhood.

* * *

7- Any park spaces as shown upon the plat, will not be built upon but preserved as ornamental park spaces for the enjoyment of all persons owning lots in said sub-division.

Plaintiff argues in her brief on appeal that the subdivision restrictions provide that "[Defendant] should be prohibited from interfering with [Plaintiff's] enjoyment of her property by changing the very character and nature of her home as a golf course view property." Plaintiff asserts that because the trees are a nuisance, they are prohibited by the subdivision restrictions. We will address the argument regarding nuisance fully below when we discuss whether the Trial Court erred in finding that the trees did not constitute a nuisance.

Plaintiff also asserts that paragraph 7 of the subdivision restrictions mandate that the park spaces, which Plaintiff asserts includes the golf course, must be preserved for the "enjoyment of all persons owning lots in said sub-division." Plaintiff's interpretation of paragraph 7 of the subdivision restrictions, however, is not supported by the plain language of the restrictions. The golf course is designated on the plat as exactly that, "GOLF COURSE," and is not designated on the plat as a "park space[]." Plaintiff's desire that the golf course be treated as a park space even though it is not designated as such on the plat is contrary to the very paragraph 7 that Plaintiff relies upon. Further, nothing within the subdivision restrictions guarantees Plaintiff an unobstructed view of the golf course. Nor is there any provision within the subdivision restrictions that prohibits Defendant from planting trees on its own property. This issue is without merit.

We next consider whether the Trial Court erred in finding and holding that the trees did not constitute a nuisance. As our Supreme Court has explained:

4

The right to the free use and enjoyment of property has long been recognized as an important facet of ownership.  However, this right is not an unrestricted license to use property without regard for the impact of the use on others.  The legal maxim — *sic utere tuo ut alienum non laedas* — directs landowners not to use their property in a way that injures the lawful rights of others.  Thus, since the earliest days, Tennessee's courts have recognized that "[e]very individual, indeed, has a right to make the most profitable use of that which is his own, so that he does not injure others in the enjoyment of what is theirs." *Neal v. Henry*, 19 Tenn. (Meigs) 17, 21 (1838).  This longstanding principle is the cornerstone of a common-law nuisance claim.  1 Kenneth H. Young, *Anderson's American Law of Zoning* § 3.03 (4th ed. 1995).

A common-law nuisance is a tort characterized by interference with the use or enjoyment of the property of another.  W. Page Keeton et al., *Prosser & Keeton on the Law of Torts* § 87, at 619 (5th ed. 1984) [hereinafter "*Prosser & Keeton*"].  A nuisance is anything that annoys or disturbs the free use of one's property or that renders the property's ordinary use or physical occupation uncomfortable.  It extends to everything that endangers life or health, gives offense to the senses, violates the laws of decency, or obstructs the reasonable and comfortable use of the property.  *Pate v. City of Martin*, 614 S.W.2d 46, 47 (Tenn. 1981); *Caldwell v. Knox Concrete Prods., Inc.*, 54 Tenn. App. 393, 402, 391 S.W.2d 5, 9 (1964).

As long as an interference with the use or enjoyment of property is substantial and unreasonable enough to be offensive or inconvenient, virtually any disturbance of the use or enjoyment of the property may amount to a nuisance.  *Lane v. W.J. Curry & Sons*, 92 S.W.3d 355, 365 (Tenn. 2002) (quoting *Prosser & Keeton* § 87, at 620).  However, an activity or use of property that constitutes a nuisance in one context may not constitute a nuisance in another context. Whether an activity or use of property amounts to an unreasonable invasion of another's legally protected interests "depends on the circumstances of each case, such as the character of the surroundings, the nature, utility, and social value of the use, and the nature and extent of the harm involved." *Lane v. W.J. Curry & Sons*, 92 S.W.3d at 364-65 (citing *Pate v. City of Martin*, 614 S.W.2d at 47).

Whether a particular activity or use of property is a nuisance is measured by its effect on a "normal person," not by its effect on the "hypersensitive." *Jenkins v. CSX Transp., Inc.*, 906 S.W.2d 460, 462 (Tenn.

5

Ct. App. 1995). Rather, the standard for determining whether a particular activity or use of property is a nuisance is "its effect upon persons of ordinary health and sensibilities, and ordinary modes of living, and not upon those who, on the one hand, are morbid or fastidious or peculiarly susceptible to the thing complained of, or, on the other hand, are unusually insensible thereto." *Jenkins v. CSX Transp., Inc.*, 906 S.W.2d at 462 (*quoting Johnson v. Cowden*, 5 Tenn. Civ. App. 1, 7 (1914)). Thus, as Professors Prosser and Keeton have noted, "[i]f normal persons living in the area or community would regard the invasion in question as definitely offensive, seriously annoying, or intolerable, then the invasion is both significant and unreasonable." *Prosser & Keeton* § 88, at 627-28.

*Shore v. Maple Lane Farms, LLC*, 411 S.W.3d 405, 415-16 (Tenn. 2013) (footnotes omitted).

Our Supreme Court also has provided guidance with regard specifically to trees and nuisance stating: "encroaching trees and plants may be regarded as a nuisance when they cause actual harm or pose an imminent danger of actual harm to adjoining property." *Lane v. W.J. Curry & Sons*, 92 S.W.3d 355, 364 (Tenn. 2002).

In the case now before us on appeal it is undisputed that Defendant planted the trees at issue on its own property and that the trees in no way encroach upon Plaintiff's property. Further, it is undisputed that these trees have caused no physical damage to Plaintiff's property. Plaintiff does allege economic damage resulting from her loss of the golf course view. The facts that Plaintiff previously had a view of persons golfing on Defendant's property, that this view has been changed by the planting of the trees, and that Plaintiff is unhappy because she no longer has an unobstructed view of a portion of Defendant's property are simply insufficient to give rise to a claim for nuisance. Plaintiff has directed us to nothing which would give her a protected legal right entitling her to a view of Defendant's property.

Defendant made a properly supported motion showing that Plaintiff cannot prove that the trees at issue constitute a nuisance. We do not mean to suggest that trees never can constitute a nuisance. Rather, given all of the facts and circumstances in the case now before us at this time, Defendant has shown that Plaintiff cannot prove that the trees at issue in this case constitute a nuisance. We find no error in the Trial Court's grant of summary judgment to Defendant.

We next consider the issue of whether the Trial Court erred in denying Plaintiff's motion to compel deposition. In her brief on appeal Plaintiff asserts that "[i]n nuisance complaints, malice can be demonstrated by actual ill will or inferred by the behavior

6

of the Defendant." Our disposition of Plaintiff's first two issues finding that Defendant has shown that Plaintiff is unable to prove nuisance renders the necessity of considering this issue as raised by Plaintiff moot.

Defendant argues on appeal that this was a frivolous appeal and requests that it be awarded all the court costs, attorney fees, and other expenses incurred by Defendant. Exercising our discretion, we decline Defendant's request for court costs, attorney fees, and other expenses.

### Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant Betsy Stibler, and her surety.

_____
D. MICHAEL SWINEY, JUDGE