IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 16, 2025 Session

## DEAN SALEM, ET AL. V. NICK GALBRAITH, ET AL.

Appeal from the Chancery Court for Campbell County
No. 7CH1-2021-CV-255     Elizabeth C. Asbury, Chancellor

_____

### No. E2024-00337-COA-R3-CV

_____

This is a dispute over the use of real property in a subdivision. Certain property owners filed this lawsuit seeking to enjoin other property owners in the subdivision from using or allowing the use of their properties as short-term rentals. The defendants moved to dismiss the plaintiffs' second amended complaint based on interpretation of the restrictive covenants applicable to their properties. The trial court dismissed all causes of action. We affirm in part, and reverse in part.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in part, Reversed in part; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which KRISTI M. DAVIS, J., joined. D. MICHAEL SWINEY, C.J., not participating.

Matthew A. Grossman, Knoxville, Tennessee, for the appellants, Dean Salem, Elizabeth Salem, Rosana Templin, and Jeffrey R. Roberts.

Erika R. Barnes, Nashville, Tennessee, for the appellees, Nick Galbraith, Megan Galbraith, and Edward Constantine Bayer.

W. Tyler Chastain and James Michael Clement, Knoxville, Tennessee, for the appellees, Andrew Lockwood Peterman, 976 Foxridge Ln., LLC, Debra Howard, Linda Roberts, and Cecilia Courtney.

**OPINION**

**I.      BACKGROUND**

On December 18, 2021, the appellants Dean Salem, Elizabeth Salem, Rosana Templin, and Jeffrey R. Roberts (collectively, "Plaintiffs") commenced this action seeking to prohibit short-term rental operations in the Cove Norris Subdivision on Norris Lake. Plaintiffs' complaint named the following defendants: Nick Galbraith, Megan Galbraith, Edward Bayer, Andrew Lockwood Peterman, 976 Foxridge Ln., LLC, Debra Howard, Linda Roberts, and Cecilia Courtney.  Plaintiffs' complaint sought to enjoin Defendants "from using or allowing the use of their respective properties as a commercial short-term rental operation in violation of [certain restrictive covenants of record]."   Certain Defendants moved to dismiss the complaint.  The trial court denied those motions in 2022.

By agreed order entered December 20, 2022, the action was stayed pending the Tennessee Supreme Court's decision in *Pratik Pandharipande, M.D. v. FSD Corporation*, 679 S.W.3d 610 (Tenn. 2023).  *Pandharipande* was a dispute about the short-term rental of a property subject to restrictive covenants similar to those at issue in the instant litigation. After the Court delivered the *Pandharipande* opinion, Plaintiffs were permitted to amend their complaint to add a common law nuisance claim.  In the operative second amended complaint, Plaintiffs requested that Defendants be enjoined from allowing their respective properties to be used "as a commercial short-term rental operation, nuisance, or other violation of the [applicable restrictive covenants]" and also be enjoined from "using or allowing the use of their respective properties as a common law nuisance."

The Cove Norris Subdivision was developed in phases, so there are three sets of restrictive covenants applicable to the properties of three groups of Defendants, as specified in the operative second amended complaint.  These are the Cove Norris Restrictions, the Section 2A and 2B Restrictions, and the Tract III Land Use Restrictions.  The three sets of restrictive covenants have nearly identical language.

The Cove Norris Restrictions are the restrictive covenants set forth in the "Cove Norris Subdivision Land Use Restrictions, Protective Covenants, and Building Standards" dated June 12, 1974, of record in Book W212, Page 646 in the Register's Office for Campbell County, Tennessee.   The Cove Norris Restrictions are applicable to the properties owned by Defendant Andrew Lockwood Peterman and Plaintiff Rosana Templin and provide, *inter alia*:

These lots . . . shall be used for residential purposes only.

No trade or commercial activity shall be carried on on any residential lot.

No obnoxious or offensive trade or activity shall be carried on upon any lot, nor shall anything be done thereon which may be or become any [sic] annoyance or nuisance to the neighborhood.

The Section 2A and 2B Restrictions are the "Cove Norris Subdivision Sections 2A and 2B[,] A Declaration of Land Use Restrictions, Protective Covenants and Building Standards" dated May 31, 1977, of record in Book M2, Page 386 in the Register's Office for Campbell County, Tennessee, as amended by Amendment to Restrictions Cove Norris Subdivision Sections 2A and 2B, dated July 31, 1982, of record in Book M17, Page 735 in the Register's Office for Campbell County, Tennessee. The Section 2A and 2B Restrictions are applicable to the properties owned by Defendants Debra Howard, Linda Roberts, and Cecilia Courtney, as well as Plaintiff Jeffrey R. Roberts. They provide, *inter alia*:

These lots . . . shall be used for residential purposes only.

No trade or commercial activity shall be carried on on any residential lot.

No obnoxious or offensive trade or activity shall be carried on upon any lot, nor shall anything be done thereon which may be or become an annoyance or nuisance to the neighborhood.

The Developer reserves Lots 3 and 4 of Section 2A Cove Norris Subdivision for commercial use by the Developer.[1]

The Tract III Land Use Restrictions are the "Cove Norris Tract III Land Use Restrictions – Protective Covenants – and Building Standards," dated November 9, 1984, and of record in Book M11, Page 659 in the Register's Office for Campbell County, Tennessee. The Tract III Land Use Restrictions are applicable to Defendants 976 Foxridge Ln., LLC, Nick Galbraith, Megan Galbraith, and Edward Bayer as well as to Plaintiffs Dean Salem and Elizabeth Salem. They provide, *inter alia*:

The tracts are to be used for residential purposes only.

No trade or commercial activity shall be carried on in any manner.

---

[1] The Amendment to the Section 2A and 2B restrictive covenants states that "lots 3 and 4 are to be used for residential purposes only, not as commercial as previously designated." Plaintiffs alleged that Defendants Debra Howard, Linda Roberts, and Cecilia Courtney own lot 3.

No obnoxious or offensive trade activity so as to constitute a nuisance shall be conducted on any tract, nor shall anything be done thereon which may be or become an annoyance or nuisance to the neighborhood.

Citing the above restrictive covenants, Plaintiffs' second amended complaint alleged:

Defendants are using or allowing the use of their properties in violation of the applicable restrictions by *inter alia* operating their properties as commercial, short-term rental operations to innumerable guests who routinely use the properties in a nonresidential manner for less than a week.

The guests who stay at Defendants' properties short-term do not use such properties as a residence; instead, they use them as a vacationer would use a hotel or commercial vacation resort.

The guests who routinely stay at Defendants' properties on a short-term basis often host late-night parties, blare loud music at unreasonably loud levels and at unreasonable hours, and/or engage in other unreasonable behaviors that constitute a nuisance to the residential neighborhood.

Cove Creek Development Corporation, Inc., a Tennessee corporation, was the developer and declarant of the applicable restrictive covenants and at all material times intended that the restrictive covenants would prohibit the above-described use of Defendants' properties.

The use as alleged violates the terms of the applicable restrictions.

The use of Defendants' properties as alleged in the second amended complaint also constitutes a common law nuisance.

Defendants moved to dismiss the second amended complaint pursuant to Tennessee Rule of Civil Procedure 12.02(6), failure to state a claim upon which relief can be granted. They argued that, based upon *Pandharipande*'s holding, the "residential purposes only" language in the applicable restrictive covenants could not as a matter of law prohibit them from renting their homes on a short-term basis. Defendants further argued that Plaintiffs failed to state a claim for nuisance because Defendants cannot be liable for nuisances caused by their "tenants."

Following a hearing and by order entered February 5, 2024, the Campbell County Chancery Court ("trial court") granted Defendants' motions to dismiss. The trial court reasoned:

> In [*Pandharipande*], the declaration of covenants, conditions, and restrictions stated: "Each lot shall be used for residential and no other purposes." The [Tennessee Supreme] Court concluded the following: "We now join those courts that have found residential-purposes provisions ambiguous with respect to whether short-term rentals are allowed. As we must, we resolve this ambiguity in favor of Pandharipande and hold that the 1984 covenants do not prohibit his short-term rentals." In the case before this Court the language being analyzed in the declaration and covenants is [] that the "tracts are to be used for residential purposes only."

> . . .

> Based on *Pandharipande vs. FSD*, it is clear that there are no genuine issues as to material fact in this case. Short term rentals can be permitted based on the restrictions relied upon by Plaintiffs. It is clear based upon the Tennessee Supreme Court's decision that short term rentals are not prohibited based on ambiguity of the language and restrictions.

> . . .

> Based on [*Pandharipande*], short term rentals are not prohibited. Therefore, permitting short term rentals is not illegal or a nuisance due to the act of renting. Plaintiffs' allegations are that "the guests" engage in activities or use that constitutes a nuisance. Thus, the Court cannot conclude that the act of renting property by the property owner could constitute a nuisance. Since the act of renting is not unlawful, the nuisance, if any, would be due to the actions of the guests. The property owner is not the party creating the alleged offensive conduct. The guests are creating the alleged offensive conduct.

> Thus, the Court concludes that . . . the TRCP 12.02(6) Motions to Dismiss should be granted as to all Defendants.

Plaintiffs appealed.

## II.     ISSUES

We restate the issues on appeal as follows:

A. Whether the trial court erred in granting the Rule 12.02(6) motion to dismiss on Plaintiffs' claims for breach of "residential purposes only" restrictive covenants in light of *Pandharipande v. FSD Corp.*, 679 S.W.3d 610 (Tenn. 2023).

B. Whether the trial court erred in granting the Rule 12.02(6) motion to dismiss on Plaintiffs' common law nuisance claims against Defendant property owners for alleged nuisances involving the conduct of renters.

C. Whether, pursuant to Tennessee Code Annotated section 20-12-119(c), Defendants are entitled to an award of attorney fees and costs incurred in obtaining dismissal of the second amended complaint.

D. Whether, pursuant to Tennessee Code Annotated section 27-1-122, Defendants are entitled to an award of attorney fees and costs incurred in defending a frivolous appeal.

## III. STANDARD OF REVIEW

Regarding a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss, our Supreme Court has instructed as follows:

A motion to dismiss a complaint for failure to state a claim for which relief may be granted tests the legal sufficiency of the plaintiff's complaint. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 894 (Tenn. 2011); *cf. Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 406 (Tenn. 2002). The motion requires the court to review the complaint alone. *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d 695, 700 (Tenn. 2009). Dismissal under Tenn. R. Civ. P. 12.02(6) is warranted only when the alleged facts will not entitle the plaintiff to relief, *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011), or when the complaint is totally lacking in clarity and specificity, *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992) (citing *Smith v. Lincoln Brass Works, Inc.*, 712 S.W.2d 470, 471 (Tenn. 1986)).

A Tenn. R. Civ. P. 12.02(6) motion admits the truth of all the relevant and material factual allegations in the complaint but asserts that no cause of action arises from these facts. *Brown v. Tennessee Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010); *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d at 700. Accordingly, in reviewing a trial court's dismissal of a

complaint under Tenn. R. Civ. P. 12.02(6), we must construe the complaint liberally in favor of the plaintiff by taking all factual allegations in the complaint as true, *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d at 894; *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d at 426; Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* § 5-6(g), at 5-111 (3d ed. 2009). We review the trial court's legal conclusions regarding the adequacy of the complaint de novo without a presumption of correctness. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d at 895; *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d at 700.

*SNPCO, Inc. v. City of Jefferson City*, 363 S.W.3d 467, 472 (Tenn. 2012).

"The construction of restrictive covenants, like other written contracts, is a question of law." *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 480–81 (Tenn. Ct. App. 2012) (citing *Massey v. R.W. Graf, Inc.*, 277 S.W.3d 902, 908 (Tenn. Ct. App. 2008)). "[B]ecause a covenant is a contract, we interpret it by looking to the plain meaning of the words in the document." *Pandharipande*, 679 S.W.3d at 620 (internal citations, quotation marks, and punctuation marks omitted). Our standard of review for contract interpretation is "de novo on the record according no presumption of correctness to the trial court's conclusion of law." *Old Hickory Coaches, LLC v. Star Coach Rentals, Inc.*, 652 S.W.3d 802, 812 (Tenn. Ct. App. 2021) (citing *Allstate Ins. Co. v. Watson*, 195 S.W.3d 609, 611 (Tenn. 2006)). "[A] cardinal rule of contract interpretation is to ascertain and give effect to the intent of the parties." *Old Hickory Coaches, LLC*, 652 S.W.3d at 812 (citing *Allstate* 195 S.W.3d at 611).

## IV.    DISCUSSION

### A.

Here, Plaintiffs' second amended complaint primarily alleges that Defendants are prohibited from operating their respective properties as short-term rentals based on the language of the Cove Norris Restrictions, the Section 2A and 2B Restrictions, and the Tract III Land Use Restrictions. These three sets of restrictive covenants applicable to Defendants' respective properties provide that those properties shall "**be used for residential purposes only**." In analyzing these restrictive covenants, the trial court relied on the principles and guidance our Supreme Court articulated in *Pandharipande*. Like the instant case, *Pandharipande* involved property located within a community on a Tennessee lake where the owner was operating the property as a short-term rental. Like this case, the property in *Pandharipande* was subject to restrictive covenants requiring that it "**be used for residential and no other purposes**." *Pandharipande*, 679 S.W.3d at 615. The Court

- 7 -

considered as an issue of first impression "Whether a restrictive covenant that limits the use of property to residential purposes prohibits short-term rentals." *Id*. at 622. We, like the trial court, have determined that *Pandharipande* controls the first issue presented in this appeal.

Conveying property subject to restrictive covenants is common and often expected in certain types of developments. However, "because restrictive covenants are in derogation of the right of free use and enjoyment of property, they are strictly construed and should not be extended to any activity not clearly and expressly prohibited by their plain terms." *Id*. at 620 (quoting *Williams v. Fox*, 219 S.W.3d 319, 324 (Tenn. 2007)) (internal quotation marks omitted). "When the terms of a covenant may be construed in more than one way, courts must resolve any ambiguity against the party seeking to enforce the restriction and in a manner which advances the unrestricted use of the property." *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 481 (Tenn. 2012) (quoting *Williams*, 219 S.W.3d at 324).

In *Pandharipande*, our Supreme Court analyzed the restrictive covenants' "residential and no other purposes" phrase by reviewing dictionary definitions of the terms "used," "residential," and "purposes." *See Pandharipande*, 679 S.W.3d at 623–25. The Court concluded that one set of definitions for the term "residential" had "a temporal element and require[d] a degree of permanence" although other definitions suggested that "residential" could "include[] shorter stays as well." *Id*. at 623. Upon considering the differing definitions of "residential," the Court concluded that the restrictive covenants in *Pandharipande* were ambiguous as far as what constituted a "residential" purpose. *See id*. at 625–26. Accordingly, the Court determined that the covenants requiring residential use of the property were unenforceable against the property owner because they did not contain language that clearly prohibited short-term rentals. *See id*. The Court also explained that numerous high courts in other states have held that short-term rentals do not violate restrictive covenants mandating residential use or they have found ambiguity in the application of those restrictions such that they had to be construed in favor of free use of the property. *See id*. at 626–28. The Court held, "We now join those courts that have found residential-purposes provisions ambiguous with respect to whether short-term rentals are allowed. As we must, we resolve this ambiguity in favor of [the property owner] and hold that the [applicable] covenants do not prohibit his short-term rentals." *Id*. at 628.

Again, the restrictive covenants cited in Plaintiffs' complaint mirror the "residential and no other purposes" covenant found ambiguous in *Pandharipande*. Plaintiffs' second amended complaint alleged that Defendants are using or allowing the use of their properties in violation of those restrictive covenants by operating their properties as commercial, short-term rental operations to innumerable guests who routinely use the properties in a nonresidential manner for less than a week. With all of the foregoing considerations in

mind, we hold that the second amended complaint does not state a claim for the relief Plaintiffs seek, namely, a judgment enjoining Defendants from operating their respective properties as short-term rentals based on the "for residential purposes only" language of the Cove Norris Restrictions, the Section 2A and 2B Restrictions, and the Tract III Land Use Restrictions. Accordingly, we affirm the trial court's ruling on this basis.

B.

Our holding above is not the end of the road for Plaintiffs. As detailed in the second amended complaint, all three sets of restrictive covenants applicable to Defendants' properties also provide that no obnoxious or offensive trade or activity shall be carried on upon any lot, nor shall anything be done thereon which may be or become annoyance or nuisance to the neighborhood. Plaintiffs alleged that the "guests who routinely stay at Defendants' properties on a short-term basis often host late-night parties, blare loud music at unreasonably loud levels and at unreasonable hours, and/or engage in other unreasonable behaviors." Plaintiffs alleged that such use of Defendants' properties "constitutes a nuisance to the residential neighborhood," both in violation of the restrictive covenants and at common law. In *Shore v. Maple Lane Farms, LLC*, the Tennessee Supreme Court explained:

> A common-law nuisance is a tort characterized by interference with the use or enjoyment of the property of another. W. Page Keeton et al., *Prosser & Keeton on the Law of Torts* § 87, at 619 (5th ed. 1984) [hereinafter "Prosser & Keeton"]. A nuisance is anything that annoys or disturbs the free use of one's property or that renders the property's ordinary use or physical occupation uncomfortable. It extends to everything that endangers life or health, gives offense to the senses, violates the laws of decency, or obstructs the reasonable and comfortable use of the property. *Pate v. City of Martin*, 614 S.W.2d 46, 47 (Tenn. 1981); *Caldwell v. Knox Concrete Prods., Inc.*, [391 S.W.2d 5, 9 (Tenn. Ct. App. 1964)].
>
> As long as an interference with the use or enjoyment of property is substantial and unreasonable enough to be offensive or inconvenient, virtually any disturbance of the use or enjoyment of the property may amount to a nuisance. *Lane v. W.J. Curry & Sons*, 92 S.W.3d 355, 365 (Tenn. 2002) (quoting *Prosser & Keeton* § 87, at 620). However, an activity or use of property that constitutes a nuisance in one context may not constitute a nuisance in another context. Whether an activity or use of property amounts to an unreasonable invasion of another's legally protected interests "depends on the circumstances of each case, such as the character of the surroundings,

the nature, utility, and social value of the use, and the nature and extent of the harm involved." *Lane v. W.J. Curry & Sons*, 92 S.W.3d at 364–65 (citing *Pate v. City of Martin*, 614 S.W.2d at 47).

*Shore v. Maple Lane Farms, LLC*, 411 S.W.3d 405, 415–16 (Tenn. 2013) (footnote omitted).

On appeal, Defendants argue that Plaintiffs "cannot state a claim for which relief can be granted as to [] short-term rentals creating a nuisance, since Tennessee law does not find under the current restrictions that short-term rentals [are] illegal. Thus, not being illegal, engaging in short terms rentals cannot, as a matter of law, be a nuisance simply due to the act of renting." This argument mischaracterizes the second amended complaint. Plaintiffs' complaint cannot be read to allege that short-term rentals themselves are nuisances per se. Instead, Plaintiffs alleged that Defendants' guests routinely engage in specific activities like late-night parties and blaring loud music at unreasonable hours and that these activities amount to a nuisance to the neighborhood.

A motion to dismiss for failure to state a claim tests the legal sufficiency of the plaintiff's complaint and admits the truth of all the relevant and material factual allegations. *SNPCO, Inc.*, 363 S.W.3d at 472. Taking Plaintiffs' factual allegations as true, and keeping in mind our liberal notice pleading standard,[2] we conclude that Plaintiffs have stated nuisance claims sufficient to withstand a Rule 12.02(6) motion to dismiss. Whether Plaintiffs can ultimately prove the alleged facts sufficient to sustain their nuisance claims is another matter. For purposes of the Rule 12.02(6) motion, we conclude that the allegations are sufficient to state a claim for common law nuisance and nuisance as defined in the Cove Norris Restrictions, the Section 2A and 2B Restrictions, and the Tract III Land Use Restrictions. Accordingly, we reverse the trial court's dismissal of these claims.

## C.

Defendants contend that, under Tennessee Code Annotated section 20-12-119(c), they are entitled to an award of attorney fees for defending this action and obtaining dismissal. The statute provides:

[I]n a civil proceeding, where a trial court grants a motion to dismiss pursuant to Rule 12 of the Tennessee Rules of Civil Procedure for failure to state a

---

[2] "Under Tennessee Rule of Civil Procedure 8, Tennessee follows a liberal notice pleading standard which recognizes that the primary purpose of pleadings is to provide notice of the issues presented to the opposing party and court." *Webb*, 346 S.W.3d at 426 (internal citation omitted).

claim upon which relief may be granted, the court shall award the party or parties against whom the dismissed claims were pending at the time the successful motion to dismiss was granted the costs and reasonable and necessary attorney's fees incurred in the proceedings as a consequence of the dismissed claims by that party or parties. The awarded costs and fees shall be paid by the party or parties whose claim or claims were dismissed as a result of the granted motion to dismiss.

. . .

An award of costs pursuant to this subsection (c) shall be made only after all appeals of the issue of the granting of the motion to dismiss have been exhausted and if the final outcome is the granting of the motion to dismiss. The award of costs and attorneys' fees pursuant to this section shall be stayed until a final decision which is not subject to appeal is rendered.

Tenn. Code Ann. § 20-12-119(c)(1), (3). Given our holding above, Defendants are not entitled to attorney fees pursuant to this statute.


D.


Finally, Defendants contend that Plaintiffs have filed a frivolous appeal, and request their attorney fees, interests, and costs on appeal pursuant to Tennessee Code Annotated section 27-1-122, which provides as follows:

When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122.

The decision whether to award damages for a frivolous appeal rests solely in our discretion. *Chiozza v. Chiozza*, 315 S.W.3d 482, 493 (Tenn. Ct. App. 2009). Appellate courts exercise their discretion to award fees under this statute "'sparingly so as not to discourage legitimate appeals.'" *Eberbach v. Eberbach*, 535 S.W.3d 467, 475 (Tenn. 2017) (quoting *Whalum v. Marshall*, 224 S.W.3d 169, 181 (Tenn. Ct. App. 2006)). "'Successful litigants should not have to bear the expense and vexation of groundless appeals.'" *Whalum*, 224 S.W.3d at 181 (quoting *Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977)). "A frivolous appeal is one that is 'devoid of merit,' or one in which

there is little prospect that it can ever succeed." *Indus. Dev. Bd. v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995).

Exercising our discretion, we decline to find the appeal frivolous and further decline to award Defendants their attorney fees, interests, and costs incurred on appeal.

## V.    CONCLUSION

We reverse the trial court's dismissal of Plaintiffs' claims for common law nuisance and nuisance as defined in the applicable restrictive covenants. We affirm the trial court's order in all other respects. The case is remanded for further proceedings consistent with this opinion. Costs of the appeal are taxed equally to the appellants, Dean Salem, Elizabeth Salem, Rosana Templin, and Jeffrey R. Roberts, and to the appellees, Nick Galbraith, Megan Galbraith, Edward Constantine Bayer, Andrew Lockwood Peterman, 976 Foxridge Ln., LLC, Debra Howard, Linda Roberts, and Cecilia Courtney.

_____
JOHN W. McCLARTY, JUDGE